Washington,<br>
*March*,<br>
1843.<br>
———<br>
Grant<br>
*v.*<br>
Parham.

---

PHEBE GRANT *v.* WILLIAM PARHAM.

A widow may bar her claim to dower in a particular lot by a quit-claim deed thereof, executed before her dower has been assigned, in which she covenants that she will have and claim no right to the quit-claimed premises.

THIS was an action of ejectment for about twenty acres of lot No. 11, in the 12th range in the town of Berlin. Plea, not guilty, and trial by the court.

It was admitted, on trial, that the plaintiff was entitled to recover, unless defeated by the following facts. Azariah Grant, the husband of the plaintiff, died, seized and possessed of the premises in question, in the month of April, 1825. On the 14th of October of the same year, the plaintiff conveyed, by deed of quit-claim, executed in due form of law, all her right and interest in, and to, the whole of said lot No. 11 — more particularly her right of dower—to one Edward Brown, under whom the defendant claimed title ; covenanting, in said deed, that she would have and claim no right in or to the quit-claimed premises. On the —— day of ————, 1826, the plaintiff petitioned the probate court that dower might be assigned her out of that part of the said lot, of which her husband died seized. A committee was appointed, who set out the premises in question, which were duly assigned to the plaintiff, as dower, on the 14th of July, 1826.

Upon these facts the court rendered judgment, *pro forma*, for the plaintiff ; to which decision the defendant excepted.

*H. W. Heaton & C. Reed*, for defendant.

I. The first question arising is, whether the plaintiff had, before her dower was " set out and ascertained," such an interest in the estate as could be legally conveyed.

By the common law, and the laws of most of the states of the Union, the widow is entitled to dower of the third part of such lands and tenements as were the husband's, in fee, at any time during the coverture. After the death of the husband, the widow's *right* to dower is said to be consummated; but, at common law, and in those states where the statutory provisions are in accordance, the current of authorities go to show that this right rests in action. By the assignment, the widow acquires no new freehold, but holds, in continuation, the husband's estate, and by relation, is considered as holding from the time of his death.

Vermont and Connecticut are the only New England states in which the common law rule has been departed from. In both these states the widow is entitled to one third part of the real estate of which her husband died seized, as dower. Dower, then, by peculiar institution in these states, is something different from dower at common law, as is evident by the practice in both, and judicial decision in the latter. The statutes of the two states are the same in substance and differ but little in phraseology. Slade's R. S. 347, §71 & 72; Conn. R. S. title, Dower, 180.

It has been held in Connecticut that the estate in dower, after the death of the husband, immediately vests in the widow, in common with the heirs; and the assignment is a mere severance of the common estate, and only secures the right, which was as complete before as after. 1 Swift's Dig. 85; *Stedman & Gordon* v. *Fortune,* 5 Conn. 462.

If the statute of 1821, in force at the time of the plaintiff's conveyance, should receive a similar construction, it would follow, by necessary implication, that the plaintiff had an interest in the estate, subject to sale and transfer.

II. It is insisted that the plaintiff's deed of release should bar her from a recovery in her own right, even admitting that, at the time of executing the same, she had merely a right of action. *Cox* v. *Jagger,* 2 Cow. 638; *Jackson* v. *Vanderhaven,* 17 Johns. R. 168; *Jackson* v. *Aspell,* 20 Johns. R. 413.

This right may be lost, without the formality of a conveyance; as, for instance, by an award. 2 Cow. 638. So by a written agreement in pursuance of an award. *Shotwell* v. *Sedem's heirs,* 3 Ohio R. 5. So a widow will be barred,

if she assent that the estate in which she is entitled to dower, shall be sold free from dower. *Smiley* v. *Wright et al.*, 2 Ohio R. 506. " The baron makes a lease for life and dieth ; the release made by the wife of her dower, to him, in reversion, is good, albeit she hath no cause of action against him *in presenti.*" Co. Litt. 265, a. By the custom of London, a married woman may bar herself of dower, by a deed of bargain and sale. 1 Cruise's Dig. 139, sect. 18.

In those states where dower is allowed in all the lands of which the husband was seized during coverture, the feme covert may bar herself of dower, by joining in a deed with the husband. In Massachusetts, this practice has been referred to New England common law. *Fowler* v. *Shearer*, 7 Mass. 20. In New Hampshire, the wife may release alone. *Ela* v. *Card*, 2 N. H. R. 175, 176.

III. The plaintiff is estopped, or concluded, by her deed of release to Brown, under whom the defendant claims, for when a person has conveyed land, he will not be permitted, afterward, to claim, in opposition to his own deed, although the deed may not amount to an estoppel. *Jackson* v. *Stevens,* 16 Johns. R. 110. If a man make a lease of land, by indenture, which is not his, or levies a fine of an estate not vested, and he afterwards purchases the land, he shall, notwithstanding, be bound by his deed, and not be permitted to say that he had nothing. *Jackson* v. *Bull,* 1 John. C. 98 ; *Jackson* v. *Murray*, 12 John. R. 210 ; *Trevivan* v. *Lawrence*, 1 Salk. 276 ; 2 Mod. 115 ; 6 Mod. 258 ; Co. Litt. 45, a. 47; b. 352, a. b.

*L. B. Peck*, for plaintiff.

1. On the death of the plaintiff's husband, the title to his real estate vested in his heirs. Until the assignment of dower, her interest was a mere *chose in action.* Her deed, therefore, to Brown, did not pass to him any legal interest or title to the land. Were he one of the heirs to the estate, possibly the conveyance might have operated as a release of her interest ; but he being a stranger, it cannot have that effect. 1 Cruise's Dig. 131, Tit. 6, chap. 4, sect. 1 ; Walk. on Conv. by Merifield, 41 ; *Tompkins* v. *Fonda,* 4 Paige, 448 ; *Siglan* v. *Van Riper*, 10 Wend. 414 ; *Ritchie* v. *Putnam*, 13 ib. 524 ; 4 Kent's Com. 60 ; *Nutt* v. *Nutt*, 12 Com. L. R. 205 : *Rex* v. *Inh. of Bassett*, 9 Com. L. R. 232.

2. The plaintiff's title, as tenant in dower, having been perfected by a subsequent assignment of dower, does not aid the defendant. The conveyance from the plaintiff to Brown being a mere release, the title does not enure to the benefit of her grantee. Had the conveyance been a warrantee deed, the case would have stood on a different ground, as in that case she would have been estopped from claiming title. It is, probably, on this ground, that it is held a *feme covert* may be barred of her dower by joining with her husband in a conveyance of his estate, when that conveyance is with warranty. No case, it is believed, can be found where she has been held barred, when the conveyance was a mere quit-claim. A quit-claim, however, may have that effect, as it would operate as a release to the grantee, he having the reversionary interest, by the conveyance from the husband. *McCracker* v. *Wright,* 14 Johns. R. 194 ; *Jackson* v. *Hublee,* 1 Cow. 613 ; *Dart* v. *Dart,* 7 Conn. R. 250 ; *Doe* v. *Tompkins et al.,* 11 East, 185.

Judge Story, however, is of the opinion that the practice which has prevailed in this country, especially in Massachusetts, of the wife releasing her dower, by joining with her husband in a conveyance, took its origin from the *Colonial* act of 1644. *Powel* v. *Monson,* 3 Mason 351.

The opinion of the court was delivered by

WILLIAMS, Ch. J. — It is admitted the plaintiff must recover in this case, unless she is prevented by her deed, executed on the 14th day of October, 1825, after the death of her husband. In that deed she conveyed, by quit-claim, all her right and interest in lot No. 11, and particularly her right of dower, to one Brown, under whom the defendant claims. Her dower was not, at that time, assigned to her, but afterwards, on the 14th of July, 1826, was duly assigned to her, and contains the land sued for. By the statute, the widow is entitled to dower in one-third part of the real estate of which the husband died seized. At common law, she had a right of dower in all the estate of which her husband was seized, during coverture, which any issue she might have had by him could, by any possibility, inherit.

In New England, where the rule of the common law prevailed, it was always considered that the wife might relin-

quish, in the lifetime of the husband, by joining with him in a deed. This was not because she was estopped by any covenants contained in the deed of herself and husband, as she was incapable of entering into a covenant, but because she was considered as having such an interest as she could release and convey to the grantee of her husband. At common law, she could release her right of dower, though she could not invest another with a right to maintain an action for it. 1 Cruise, 159 ; *Jackson* v. *Vanderheyen,* 17 Johns. R. 168.

In Connecticut she is considered as having, after the death of the husband, a vested interest in common with the heirs, which does not depend upon her dower being set out ; and, although our statute is similar to the statute of Connecticut, it is not necessary for us to say whether the same rule would be here recognized, or that, before assignment, she could either maintain or defend an action of ejectment, simply on her right of dower, without any assignment. But in any view of the subject, whether she is considered as having only a right of action, or a vested interest, she may bar herself of her right of dower in any particular lot, by deed executed after the death of her husband. Moreover, by the deed which she executed to Brown she covenants with him, his heirs, and assigns, that, from and after the executing the deed, she would have and claim no right in or to the remised, released, and quit-claimed premises. By the deed and the covenant therein, she is estopped from setting up any claim of dower in the premises thus conveyed. The judgment of the county court is reversed, and a new trial granted.