May Term,
1857.

MATLOCK
v.
LEE.

*J. U. Pettit* and *C. Cowgill*, for the appellants.

(1) See *The Board, &c.* v. *Chitwood*, 8 Ind. R. 504.

———————

MATLOCK and Wife *v.* LEE and Another.

Suit by heirs against the widow and her lessee, to recover possession of real
estate.  The complaint showed a release of dower to the heirs.  Answer,
*inter alia,* that an order was given for the consideration of the release, upon
a third person, who did not accept or pay it.  *Held,* that this was no bar;
that if the drawee had no funds, or they had been withdrawn by the drawers,
they not having been prejudiced, they may yet be liable for the price of the
dower.

The answer further alleged that after the execution of the release, the widow
procured an assignment of dower, under which she entered and made a
lease.

*Held,* 1. That although a release to a mere stranger is wholly inoperative, yet
a contingent remainder or executory devise, where the contingency is merely
attached to the event on which it is to vest, may be released to any party
possessed of an interest in the land.

2. That dower, on the death of the husband, becomes an estate, before assign-
ment, that may be released to the heir, and the right of the widow will be
thereby extinguished.

3. That a release can only operate as a conclusion between parties and privies,
and cannot inure to bind an estate, or transfer by estoppel an interest, not
possessed at the time.

4. That any conveyance operating as to a part or the whole under the statute
of uses, is within the scope of this doctrine; for, in such cases, there is no
seizin to give effect to the statute.

5. That the widow, in this case, had no interest but her dower right, consum-
mate on the death of her husband, which she released for a consideration;
that the assignment gave her no new right, but simply designated that
which she had sold; that though assignment may enlarge the estate of the

dowress, it does not create the title; that before the assignment, she had no possession, and could lease none; that after her release, she had no right, and could convey none.

APPEAL from the *Putnam* Circuit Court.

PERKINS, J.—Suit to recover possession of real estate, instituted by certain heirs of *Eli Lee*, deceased, against *Isabella Lee*, his widow, and *Enoch Wallace*, her lessee. The complaint showed a release of dower by the widow to the heirs, the plaintiffs. No question is made as to parties; and it does not appear that any other heirs than those named were interested.

The defendants answered in three paragraphs—

1. They admitted they were in possession.

2. They averred that the consideration of the release of dower was 200 dollars, for which sum an order was given on a third person, which order was not accepted nor paid. They did not aver that notice of non-payment or non-acceptance had been given.

3. They alleged that after the execution of the release, the widow procured an assignment of dower, under which she entered, and made the lease to *Wallace*. It is not averred that any question was made in those proceedings upon the validity of the relinquishment of dower; nor that the proceedings were commenced after the execution of the deed of release.

Demurrer to the answer overruled, and judgment for the defendants.

The first paragraph of the answer requires no notice, as it is simply an admission of possession. The second constitutes no bar. If the drawee of the order had no funds, or they had been withdrawn by the drawers, they not having been prejudiced, the drawers may yet be liable for the price of the dower. *Spangler* v. *McDaniel*, 3 Ind. R. 275. The third paragraph presents the questions of difficulty.

A widow, till her dower was assigned, could not take possession, and hence, by the common law, could not convey it. But in the *United States*, and in this state, there has been a departure from this strict common-law rule;

and perhaps it should influence decisions upon conveyances by release and quitclaim. *Raub* v. *Heath*, 8 Blackf. 575.—2 Greenleaf's Cruise, top p. 109, note.

Waiving this point, however, it is well settled that "although a release to a mere stranger is wholly inoperative, yet, a contingent remainder, or executory devise, where the contingency is merely attached to the event on which it is to vest, may be released to any party possessed of an interest in the land." 2 Smith's Lead. Cases, top p. 516. Dower, on the death of the husband, at all events, becomes an estate, before assignment, that may be released to the heir, or other tenant in possession, and the right of the widow be thereby extinguished. *Strong* v. *Bragg*, 7 Blackf. 62.—*Malin* v. *Coult*, 4 Ind. R. 535. The release, then, in this case, operated to extinguish the dower right.

But here another question presents itself. The widow claims to be in possession under an assignment of dower made subsequently to the release; and the question is, did that assignment inure to the benefit of the releasees of the dower right? or is the widow estopped by her deed of release, to set up title under a subsequent assignment? It may be observed that her deed of release recites the dower interest which she releases. "The Supreme Court of *New York* have repeatedly recognized the doctrine, that a grant, release, or bargain and sale, can only operate as a conclusion between parties and privies, and cannot inure to bind the estate, and transfer by estoppel an interest, not possessed at the time. Thus it was held in that state, that where land was sold by bargain, sale, and release, in which the grantor had nothing at the period of executing the deed, the title which he subsequently acquired did not pass to the grantee by estoppel, nor entitle him to recover in ejectment brought against a stranger." 2 Smith's Lead. Cases, top p. 515. They held that a warranty was required to work a conveyance by way of an estoppel. "Of course a bargain and sale, a lease and release, or any other conveyance operating as to a part or the whole under the statute of uses, is comprised within the scope of this doctrine, and cannot be considered as passing an estate, either

when the vendor has had nothing at the time of the sale, or an interest merely contingent. There is in such cases no seizin to give effect to the statute; so that the deed only operates as a common-law grant, which, as we have seen, never can pass an estate except where it is vested in interest. In this case, however, as well as in all others, where there is a solemn recital or admission under seal, relating to that which the instrument is intended to bind or convey, the ordinary effect of an estoppel remains; and although a contingent or future estate will not pass, yet both parties and privies will be estopped from averring that such is the case, and from denying that the operation of the deed has been according to its intent. *Goodtitle* v. *Bailey*, 2 Cowp. 597." Smith's Lead. Cases, top p. 514.

Passing by the question upon the recitals in the deed of release, it is clear that it is not brought within the authorities quoted. The widow, in this case, has had but one interest—her dower right. That she released, for a consideration. She has had but one title, and that was consummate upon the death of her husband. She has acquired no other, no after interest. The assignment of dower gave her no new right, it simply designated that which she had sold. *Lawrence* v. *Miller*, 1 Sandf. (N. Y.) 516.—*Boyers* v. *Newbanks*, 2 Ind. R. 388. It gave her no right, but gave the boundaries to the purchase of her releasees. Assignment may enlarge the estate of the dowress; it does not create the title. See 1 Seld. 399, 400. Counsel inform us that the proceedings for the assignment were pending when the release was executed, and that they were simply permitted to proceed to final termination. See *M'Mahan* v. *Kimball*, 3 Blackf. 1. *Grant* v. *Parham*, 15 Verm. R. 649, is a case bearing upon the point.

The title of *Wallace* was good for nothing. Before the assignment of dower, the widow had no possession 'and could lease none; and after her release, she had no right and could convey none. Her deed of release and quitclaim conveyed what she then possessed, which was her whole title. 6 McLean, on p. 3.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with instructions to sustain the demurrer to the answer, and permit the parties to make up issues anew.

*J. Cowgill*, for the appellants.

*H. Secrest*, for the appellees.