# Reeves *v.* Brooks.

*Bill in Equity, by Widow. for Assignment of Dower and Homestead.*

1. *Right of widow before assignment of dower.*—The widow has no legal estate or interest in the lands of the deceased husband until a specific part of the land is allotted and set apart for her dower estate; her interest, until then, being equitable, in its nature a right lying in action.

2. *Assignability of widow's dower interest before allotment at law.*—The right of dower not being a legal estate, before assignment, is not, in law, the subject of conveyance to a stranger. Notwithstanding such conveyance the heir may successfully maintain ejectment against the grantee for the recovery of possession.

3. *Same; in equity.*—In equity the interest of the assignee is protected, and he is treated as succeeding to the right of the assignor, and as the owner of the thing transferred. The assignment of the widow's right of the dower, before allotment, though inoperative at law, is effective in a court of equity that will, in a proper case, enforce her transfer, and protect the rights of her transferree.

4. *Estoppel of widow by joining in deed with heirs.*—Where the widow unites with the heirs in a warranty deed conveying all the right, estate and interest of the grantors, and reciting that the consideration was paid to all of them, the equitable estate of the widow is merged in the legal estate conveyed by the heirs; and she will not be heard to gainsay the title of the grantees by asserting a claim to either dower or homestead.

5. *Right of widow to rents during quarantine.*—Under·the statute, § 2238, *Code*, the widow may retain possession of the dwelling and the plantation connected therewith, until the assignment of her dower. During such time she may rent the premises; and, if the administrator, heir or other person, receives the rent, she may recover it from him.

APPEAL from Lowndes Chancery Court.

[Reeves v. Brooks.]

Heard before the Hon. Jno. A. Foster.

This was a bill filed by Harriet Reeves, the widow of Richard Reeves, deceased, praying for the allotment of dower and assignment of homestead in the lands of her late husband, being 230 acres; and for the recovery of crops grown thereon, and rent accruing pending her quarantine. The suit is against Brooks Bros., a partnership, and the heir at law, and was commenced April 22, 1885. The bill, after describing the lands owned and occupied by Richard Reeves at the time of his death, alleges that he died without owing any debts; that the heirs at law were of full age, and that no administrator had ever been appointed; that said Richard Reeves died in 1878; that his sons J. D. Reeves, and R. A. Reeves, bought out the interest of the other heirs and had occupied the premises with the complainant, and controlled the lands of the estate, since January 1882, and had turned over to the defendants, Brooks Brothers, the crops of cotton made thereon. The prayer of the bill is for an assignment of dower and the setting apart of the homestead in the premises to the complainant, and that said Brooks Brothers be made to account to complainant for the cotton received by them from said lands since 1882, and for the value of the rent, for the current year 1885; and for such other relief as complainant may be found entitled to.

The respondents, Brooks Bros., answered the bill, averring that after the death of her husband, complainant, with her two sons, J. D. Reeves and R. H. Reeves, occupied the lands of the estate, and carried on the farm; that respondents made advances each year to them, for the purpose of enabling them to do so, taking a lien on the crops to be grown, and mortgages upon the land and stock, &c.; and that the whole amount received by them from said place during the time referred to in complainant's bill, was $604.55 which had been applied to the indebtedness of complainant and her sons J. D. and R. H. Reeves, and for which credit was duly given them. The answer further avers that on the 21st day of January, 1885, complainant united with her two sons, J. D. and R. H. Reeves, in an absolute sale of the lands described in the complainant's bill, to respondents, for the *bona fide* consideration of one thousand dollars; that at said date a deed to said lands, containing covenants of warranty, was executed by the complainant and her said sons and delivered to respondents, who were put in possession of the premises; that about two weeks afterwards respondents rented the dwelling house and about fifteen acres of the land to J. D. Reeves for the year 1885 for one bale of cotton. The deed is set out and made a part of the answer of the respondents. Upon this state of facts the chancellor decreed that the complainant was not entitled to relief and dismissed her bill; from which action of the court, this appeal is taken.

[Reeves v. Brooks.]

WATTS & SON, for appellant.

R. M. WILLIAMSON, *contra.*

CLOPTON, J.—The bill is brought by appellant to have an assignment of dower in land, of which her husband was seized, and which was his homestead at the time of his death, and to have an account of rents and profits.

Dower, arising by operation of law from the marital relation, is an inchoate and contingent right pending the coverture, which is consummated on the death of the husband, the wife surviving, and entitles her to a free hold estate in the land. Until dower is assigned, the widow has no legal estate or interest in the land. Until a specific part of the land is allotted and set apart for her dower estate, her interest is equitable, and its nature a right lying in action. The assignability of such interest depends on the form, in which the question may arise —whether at law or in equity. Having no legal estate, the right of dower, before assignment, is not the subject of conveyance to a stranger, of which a court at law can take cognizance. Such conveyance does not entitle him to an allotment of dower in his own name, nor is it a foundation for any claim in an action at law. The heir may successfully maintain ejectment against the grantee for the recovery of possession.—*Barber v. Williams,* 74 Ala. 332; *Turnipseed v. Fitzpatrick,* 75 Ala. 297; *Saltmarsh v. Smith,* 32 Ala. 404; *Wallace v. Hall,* 19 Ala. 367.

In equity the rule is different. By the common law, a right or chose in action is not assignable. An assignment conveyed no interest or right to the assignee, which a court of law would recognize to any extent or for any purpose. Equity, however, recognizes an interest in the assignee entitled to protection, and treats him as succeeding to the rights of the assignor, and as possessing ownership of the thing transferred. The assignment of a thing in action for a valuable consideration creates a substantive right of property, which a court of equity will, under proper circumstances, uphold and enforce. The widow's right of dower, before assignment, being a right of action and being equitable, comes within the operation of these principles; and though a conveyance of such right is inoperative at law, a court of equity will, in a proper case, enforce her transfer, and protect the rights of her transferree.—*Strong v. Clem,* 12 Ind. 37; *Payne v. Becker,* 87 N. Y. 153; 2 *Scribner Dow.* (2 Ed.) 45. We do not understand *Saltmarsh v. Smith, supra,* as in conflict with these views, when the facts of the case are considered. In that case, the land was not sold by the husband, nor was the consideration price paid to him; but was sold

[Reeves v. Brooks.]

after his death by a purported agent, when his power of attorney had been terminated. The transfer of the right of dower was made, as expressed therein, on a valuable consideration paid to the husband, which was not true. The deed of the agent was ante-dated, so as to purport to have been executed in the lifetime of the husband; and no valuable consideration was paid to the widow for her transfer. On these facts, the court held, that the grantee had no title to the real estate, legal or equitable, either under the deed or otherwise, and that the widow's transfer was wholly inoperative; and refused to enforce it, by way of deduction of the reasonable value of the dower interest from the grantee's claim of indebtedness against the husband, as against his other creditors, who had filed the bill to subject the land; the estate of the husband having been declared insolvent.

On January 21, 1885, the complainant and her two sons, to whom the other heirs had previously sold and conveyed their interest, executed to the defendants a conveyance of land, containing covenants of warranty, in consideration of one thousand dollars. It is unnecessary to decide, whether a conveyance of the entire land to another, in making which the widow unites with the heirs, in whom the fee is vested, and who, with her, are in possession, operates as a release to the terre-tenant, or by way of extinguishment of her right of dower. The deed purports to convey all the right, estate and interest of the grantors, and recites that the consideration was paid to all of them, as to which there is no contradictory evidence. The suit is in equity, instituted by the widow, who claims dower notwithstanding the deed. Fraud, imposition, or undue advantage is not alleged or proved. If as to the complainant, the conveyance be regarded as only a transfer of her right of dower, being supported by a valuable and sufficient consideration, a court of equity will protect the rights of her assignees. If, in such case, there was an assignment of dower, it would enure in equity to the benefit of the alienee; and inasmuch as the defendants have a conveyance of the land, by which the equitable interest of the complainant is merged in the estate conveyed by the heirs, an allotment would be useless and unnecessary. Moreover, the complainant, by uniting in the covenants of warranty, has estopped herself from denying that she had an indefeasible estate which passed by the deed, and will not be heard to gainsay the title of the defendants, by asserting a claim of either dower, or homestead exemptions.—*Jones v. Reese,* 65 Ala. 134; *Mattock v. Lee,* 9 Ind. 298; *Grant v. Parham* 15 Vt. 649.

Under our statutes the widow may retain, free from the payment of rent, the possession of the dwelling-house, where her

[Flouss & Kennedy v. The Eureka Co.]

husband most usually resided next before his death, and the plantation connected therewith, until her dower is assigned. *Code,* § 2238. The object of the statute is to provide for her a support until dower is allotted, on which she may enter. For this purpose she may rent the premises, and if the administrator, or heir, or any other person, receives the rents, she is entitled to recover them. *Inge v. Murphy,* 14 Ala., 289; *Boynton v. Sawyer,* 35 Ala., 497; *Oakley v. Oakley,* 30 Ala., 131. She may transfer or otherwise utilize the rents and profits as she deems most expedient. They are subject to her absolute disposal. The complainant and her sons continued to occupy the premises after the death of her husband, and the sons managed and cultivated the lands. She and one of her sons in January, 1882, and she and both of her sons in February, 1884, mortgaged the lands and the crops raised thereon to the defendants to secure the payment of the joint indebtedness recited in the respective mortgages as having been contracted to obtain advances to enable them to make the crops. The cotton received by the defendants was delivered in part payment of the mortgage debts. The defendants received the cotton, with the consent of complainant, by her authority, and in performance of contracts made with her. Under such circumstances the complainant will not be heard to say, that the defendants received the cotton wrongfully, and will not be suffered to call on them to account to her for the cotton or its proceeds. She has had the use and occupation of the premises, and has enjoyed the income and profits, the same having been appropriated to an indebtedness, for which she was jointly liable with others, and which was contracted for their joint benefit. Unmasked and stripped of the adventitious circumstances, the case is that of a debtor, who, his own funds having been applied in payment of a joint debt, calls on the creditor to refund on the ground that the funds used were her undivided property, and that others were liable for the debt.

Affirmed.