# INGE v. MURPHY.

1. The widow is entitled to the mansion in which her husband resided next preceding his death, and the plantation thereunto belonging, until her dower is assigned her; and may recover the rent from one whom she permitted to enter, and rent out the premises.

Error to the County Court of Greene.

THE plaintiff in error sued the defendant for money had and received. The following facts were agreed on: Richard Inge was seized in fee of certain lands, and in March, 1841, made a deed of trust, by which he conveyed them to the defendant, and Herndon, in trust to pay his debts, decribed in the deed. The plaintiff in error was his wife, and now his widow, but she did not join in the deed, nor relinquish her dower. Richard Inge died whilst living on the lands, in January, 1842.

The trustees took possession of the lands, without objection being made by the plaintiff, who was then the widow of Richard Inge, and rented them out. The plaintiff voluntarily left the premises, acting under the advice of the trustees, which was about a month after the land was rented. Herndon has since died, and Murphy has received the rent for 1842, to wit, one thousand dollars. The plaintiff applied for and obtained dower in the lands, in December, 1842,

and went into possession of her dower in January, there-after.

It was agreed, that if the plaintiff was entitled to recover on the foregoing facts, a judgment should be rendered for this sum, but the cause was submitted to a jury, and the court charged, that the plaintiff was not entitled to recover the whole of the rent for the year 1842, but only one-third thereof. To this charge the plaintiff excepted.

CLARKE, for the plaintiff in error.

1. A widow is entitled to the use and occupation of the dwelling house in which her husband most usually dwelt next before his death, with the plantation thereunto belong-ing, free from rent, until her dower be assigned, whether she continues to reside thereon or not. Clay's Dig. 173, § 7; Graham's heirs v. Graham, 6 T. V. Monroe's Rep. 561; Chap-lin, &c. v. Simmons's heirs, 7 Ib. 337; White, &c. v. Clark, Ib. 640; Stuart's Lessee v. Stewart, 3 J. J. Marsh. 48; 4 Kent's Com. 62.

2. If a husband conveys to trustees for the benefit of cre-ditors, his residence and plantation, and then dies, his wife not having relinquished her right to dower, and still contin-uing to reside upon the land—if the trustees take possession, and rent out the land, and persuade her to leave the place, which she does, still she is entitled to the use and occupation of the same, and to the rent when collected.

3. The deed of trust made by Richard Inge to the defend-ant and Thomas H. Herndon, gave no power to the trustees to rent out the land, and consequently until the dower was assigned to the widow, any renting must have been for her use and benefit. Sellman v. Bowen, 8 G. & John. 50; Rit-chie v. Putnam, 13 Wend. 524.

MURPHY, *pro se.*

DARGAN, J.—By the common law, a widow had the right to remain in possession of the capital messuage, or mansion house, whereof she was dowable, forty days after the death

of her husband, and during this period she was entitled to be supplied with all necessaries, at the expense of the heir. This privilege of the widow was called her quarantine, and she was entitled to have her dower assigned her before the expiration of this period.   See 3 Bacon's Ab., title Dower, 195.

This privilege, or right of the widow, has been altered in this state, by statute, and it is enacted, that "it shall be lawful for the widow to retain the full possession of the dwelling house in which her husband most usually dwelt next before his death, together with the out-houses, offices, or improvements, and plantation thereunto belonging, free from molestation, or rent, until she shall have her dower assigned her. Clay's Dig. 173.

The right secured to the widow by this act, is the right of possession, free from molestation, or rent, and by the very terms of the statute must continue until her dower is assigned.   The object of this act must have been to provide a support and maintenance for the widow, until her dower should be allotted to her, on which she might enter, and having the right of possession by this statute, she is entitled to recover the rents and profits, and may hold the premises free from molestation or rent.   Nor could it have been the object of the statute to coerce her to remain in person on the premises; or, rather, to make her title dependent on that condition, for it may be, that she could only derive a support from the premises by renting them; and to hold that the mere removing from the premises, defeats this right, might in many instances defeat the very intent of the statute, which is a provision for the widow until her dower is set apart for her.

In 3d Halstead's Rep. 129, the heir brought trespass; the defendant showed that the *locus in quo* was part of the messuage, of which the ancestor died seized, that no dower had been assigned to the widow, and that he entered by her authority.   Under a statute of New Jersey, similar to ours, the court held, that the widow had a freehold for life in the mansion in which her husband resided next preceding his death, and the plantation thereunto belonging, unless her title be sooner defeated, by the assignment of dower to her. Chancellor Kent approves of this decision, and holds it a cor-

rect construction of the act. 4 Kent Com.' 62. And in the case of Graham v. The Heirs of Graham, 6 Mon. Rep. 561, which was a bill filed by the heirs, to obtain the legal title to the land, on which their ancestor resided at his death; one of the heirs, who had had the possession, claimed the whole. The widow was made a party and claimed dower. It was shown that no dower had been assigned to her, the estate of the ancestor being such, as gave his widow a right to dower, it was decreed to her, and the question of rents coming up, the heir in possession was decreed to pay her the entire rent. The statute of Kentucky is precisely the same as ours, and the court said in that case, that the widow was entitled to the use of the premises, until dower is assigned her. See also, 7 Mon. 337. We find a note of a case decided in Mississippi, in 2 Sme. & M. 220, in which it was held, that the right given to the widow by this statute, is a mere personal privilege, and if she transfer it to another, the heir may bring ejectment against one entering under this title, without first assigning widow to the dower. But in the case of Doe v. Bernard and wife, 7 Smede & Mar., ejectment was brought against the tenant of the widow, who claimed under this statute. Dower had not been assigned to her, and the court held, that the plaintiff could not recover, and said that the widow was entitled to the full possession of the mansion and messuage, or plantation thereunto belonging, until dower is assigned her.

Under these authorities, and in view of the object of the statute, the widow is entitled to the premises until her dower is assigned; she may reside on them, or lease them and receive the rents; and neither the heir nor any one else who claims the inheritance, or estate, from the husband, can defeat this right of the widow, without having her dower assigned to her.

Mrs. Inge permitted the trustees to enter without objection, and rent out the premises, and under their advice moved from them, but no dower was assigned to her, and she has neither released her right to the trustees, or agreed to do

so, so far we are informed by the record. She is therefore entitled to the rents received by the trustees previous to the allotment of dower to her.

Let the judgment be reversed and the cause remanded.