## McLAUGHLIN et al. vs. GODWIN.

1. If an administrator rents the plantation on which his intestate resided at the time of his death, when the widow's dower has not been assigned to her, the heirs at law cannot maintain an action against him for the rents.

Error to the Circuit Court of St. Clair.

Tried before the Hon. Thomas A. Walker.

The plaintiffs in error sued the defendant in error for the rent of certain lands belonging to the estate of their father, John McLaughlin, deceased.

On the trial it was proved, that the defendant rented said lands, as the administrator of said John McLaughlin, for four years, and had not complied with the terms of the lease. The defendant offered to prove that he had made a final settlement of the administration, and on such settlement had accounted for the rent; but it did not appear that the plaintiffs, who were minors when such settlement was made, had ever had a guardian *ad litem* appointed, or that any such guardian appeared

for them. To this evidence the plaintiffs objected; but the objection was overruled, and the testimony admitted. It further appeared that the land, for which the rent was claimed, was the plantation on which the intestate resided at the time of his death, and that no dower had ever been assigned to his widow.

Upon this evidence the court charged, that the plaintiffs were not entitled to recover; to which, as well as to the ruling of the court upon the evidence, the plaintiffs excepted, and the same is assigned for error in this court.

RICE & MORGAN, for plaintiffs in error.

J. J. WOODWARD, *contra*.

GOLDTHWAITE, J.—It is unnecessary to decide the points which have been raised as to whether the lease made by the defendant in error, as the administrator of McLaughlin, was void in consequence of the requisitions of the statute (Clay's Dig. 199 § 36) not having been complied with, or whether the settlement made by him as such administrator was erroneously admitted as evidence, as, conceding that both positions are sustainable, still the record shows enough to sustain the charge of the court.

The law allows the widow to retain possession of the dwelling-house in which her husband resided next before his death, with the improvements and plantation thereunto belonging, free from molestation or rent, until she have her dower assigned her. (Clay's Dig. 173 § 7.)

This statute, it was held in the case of Inge v. Murphy, 14 Ala. 289, gave to the widow the right to the use and occupation of the lands embraced by its terms, and that she was entitled to the rents and profits although she had removed, and the lands had been rented out by another. This decision is conclusive of the case before us. The bill of exceptions shows that the land for which the rent was claimed was the plantation on which the intestate resided at the time of his death, and that the dower of the widow had not been assigned her. The plaintiffs below were not entitled to the use and occupation of these lands, and consequently could not set up any claim for rent.

The judgment of the court below is affirmed.