## OAKLEY *vs.* OAKLEY.

[ACTION FOR RENT OF LAND.]

1. *Widow's statutory right to dwelling-house and adjacent plantation of deceased husband.*—Until dower has been assigned to her, the widow is entitled to the possession or rents of the dwelling-house and adjacent plantation on which the husband resided next before his death; and this statutory right is not dependent upon her actual possession, nor upon an affirmative assertion of her claim; nor is it affected by the husband's alienation of the land, provided the wife did not join in the conveyance.

APPEAL from the Circuit Court of Bibb.

Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by Richard H. Oakley against Reuben Oakley, to recover the rent of a tract of land, containing seventeen or eighteen acres, for the year 1853. The plaintiff claimed the land under a conveyance from his father, Armstead Oakley; while the defendant held possession under a contract of rent made with said Armstead. The plaintiff's deed was dated 19th June, 1851; conveyed a large tract of land, including the portion in controversy, but contained a reservation of a life estate to the said Armstead; and was signed by said Armstead and wife, but neither attested, nor acknowledged by the wife. "It was proved that said Armstead Oakley died on the 15th January, 1853; that plaintiff had always lived with his father, on the lands conveyed by said deed, and, with his father, cultivated the open land on said tract up to 1st January, 1852; that plaintiff cultivated the open land on said tract during the year 1852, except the field in controversy, which was cultivated by defendant; that said field was surrounded by a separate enclosure, and was about three hundred yards distant from the houses on said tract, in which said Armstead Oakley had resided, and from the other open and cultivated lands on said tract, which amounted to fifty or sixty acres, and surrounded said houses, or lay contiguous thereto; that said Armstead and wife, in the early part of the year 1852, went to Arkansas, on a visit to two daughters who lived there; that said Armstead returned, alone, in the latter part of that year, and, after remaining a few days, again went to Arkansas, taking his property with him, and afterwards died as above stated." It was shown that the widow of said Armstead, to whom he was married before the execution of plaintiff's deed, was still living; "but there was no evidence that she had, in any way, or at any time, asserted any claim to dower in said lands, or to the rents and profits of the same, by way of damages or otherwise, since the death of her said husband; and it was shown that she had never returned to this State."

The court charged the jury, in effect, that the plaintiff was not entitled to recover, if said Armstead Oakley most usually resided, last before his death, on the lands conveyed by him to plaintiff, and his widow was still alive. The plaintiff excepted to this charge, and requested the court to instruct the jury,—

"1. That if they should find from the evidence that the plaintiff bought, in good faith, the lands embraced in his deed from Armstead Oakley; that the field cultivated by defendant was embraced in said lands; that Armstead Oakley died on 15th January, 1853; that there was no evidence that the widow of said Armstead had claimed or sued for dower in said lands, or damages for the use and occupation of the same; and that plaintiff, since said Armstead and wife had left the State, had been in the exclusive possession of said lands, with the exception of said field cultivated by defendant,—then plaintiff was entitled to recover.

"2. That if the sale of lands from Armstead Oakley to plaintiff, as shown by the deed in evidence, was made in good faith, then plaintiff took said lands as purchaser, and not as heir; and that the widow could only recover damages or mesne profits of said lands from the date of her instituting suit for the same, or for dower in said lands, or both.

"3. That if plaintiff bought said lands from Armstead Oakley in his lifetime, and was in possession of the same at the time of said Armstead's death; and there was no evidence that the widow had claimed or sued for any right of dower in the same,—then plaintiff would be entitled to recover."

The refusal of these several charges, and the charge given by the court, are now assigned as error.

I. W. GARROTT, for the appellant.

WM. M. BROOKS, contra.

WALKER, J.—The plaintiff derived title to the land, the rent of which is in question in this case, from Armstead Oakley, by a conveyance which was not so

executed by the wife of the grantor as to carry her dower. Although the testimony upon the point is by no means conclusive, we cannot say that there was not evidence conducing to show that Armstead Oakley had his residence, at the time of his death, in the dwelling-house, connected with which there was a plantation, embracing the land occupied by the defendant; consequently, we cannot regard the charges set out below as abstract. Those charges, when construed in reference to the evidence, substantially assert the proposition, that if Armstead Oakley, from whom the plaintiff derived title, usually resided, next before his death, on the plantation of which the land cultivated by the defendant was a part; and if Lucy Oakley, the widow of the deceased, was still alive, the plaintiff would not be entitled to recover, because the right to recover for the use and occupation of the land pertained to the widow, and not to the plaintiff.

These charges must be sustained, under the decisions of this court. In Inge v. Murphy, 14 Ala. 289, it was held, that the widow, whose husband had his dwelling-house on the land at the time of his death, could recover rent against the husband's alienee, for the period between the husband's death and the assignment of her dower. The opinion in Shelton v. Carroll, 16 Ala. 148, decides, that where the husband, at the time of his death, occupied premises previously aliened by him, the widow, who had not transferred nor received an assignment of her dower, could successfully resist an action of ejectment brought by the alienee against the tenant of herself and second husband, notwithstanding her first husband was the tenant of the alienee at the time of his death, and her second husband had paid rent to the alienee. In McLaughlin v. Godwin, 23 Ala. 846, this court decided, that the heirs were not entitled to recover rent received by an administrator, for the time prior to the assignment of dower, because the use and occupation of the land belonged to the widow, and not to the heirs. It is also said in Shelton v. Carroll, *supra,* that the alienee of a husband, whose wife did not assign dower, stood in the same position with the heir, as to his right to resort to a court of chancery to

have dower assigned. In a case cited from 3 Halstead, in Inge v. Murphy, *supra*, it was decided, that the widow "had a freehold for life in the mansion in which her husband resided next preceding his death, and the plantation thereunto belonging, unless her title be sooner defeated by the assignment of dower to her." Guided by these authorities, we feel bound to decide that there is no error in the charges given by the court below.

The widow's right to the occupation and use of the mansion-house, and of the plantation therewith connected, does not depend upon the fact of her actual possession, nor upon the fact of her having made a demand, or asserted affirmatively her claim. To hold otherwise, would do violence to the authorities quoted above. The case of Shelton v. Carroll, *supra*, cannot be reconciled with the position, that the widow's quarantine, or right to the rents incident to it, depends, like her right to damages incident to dower, upon a demand made. She is entitled to the mansion-house at which her husband most usually resided before his death, and plantation connected therewith ; and until that right is terminated by the assignment of dower, it is as perfect and exclusive in its character, as any other title to land ; and another person could no more recover rents accruing during the pendency of her right, than he could recover rents accruing during the pendency of any other title. These views are decisive in favor of the propriety of the refusals to charge by the court below as asked by the plaintiff.

The judgment of the court below is affirmed.