[Robinson v. Allison.]

# Robinson *v.* Allison.

*Action of Ejectment.*

1. *Quarantine; widow's right of in land sold by husband.*—A sale of land under execution against the husband does not affect the right of dower; and where the husband continues his residence upon the premises after such sale until his death, the widow not having relinquished her right of dower has the same right of quarantine 'as when there has been a voluntary alienation by her husband, as to which latter case the rule is likewise well settled in favor of her right.

2. *Same; not an estate in land.*—Where the homestead of a married man is sold under execution against him during his life time and he continues in possession after such sale until his death, but not for the period of ten years; claiming adversely, and after his death his widow remains in possession under her claim of quarantine, she not having relinquished her right of dower ,she cannot afterwards by setting up an adverse possession in herself tack the possession of her husband to her possession to complete the bar of the statute; since to enable the possession of one to be lengthened by being joined to that of another there must be not only continuity, but privity by descent or grant or some judicial or other proceeding. Though derived through the husband the right of quarantine .establishes no such privity in estate. It is not an estate in land but a mere temporary privilege to occupy it and have its rents and profits.

3. *Same; not adverse holding.*—So long as a widow holds land under right of quarantine her possession is not adverse to the heir, since the heir cannot during the continuance of quarantine maintain against her a suit for the possession.

4. *Adverse possession; may be set up by widow after relinquishment of dower.*—A divestiture of her dower right as by a release to the heir or tenant or other act amounting to a relinquishment of dower, brought to the notice of the legal owner, would enable a widow thereafter to set up a possession which would be adverse, and to perfect and prove ownership thereunder according to the usual rules. But no mere claim or assertion of ownership however often and openly made would start the statute of limitations to run against the owner to whom the right of entry and the cause of action has not accrued.

[Robinson v. Allison.]

APPEAL from Madison Circuit Court.

Tried before Hon. H. C. SPEAKE.

This was a statutory real action for the recovery of possession of a house and lot situated in the city of Huntsville, in which the appellant was plaintiff and the appellees were defendants. The material facts are, that Samuel H. Allison, the ancestor of the appellees, was seized in fee of the premises, for many years prior to and in 1867, residing thereon as his home, with his wife who survived him, and their children, the appellees. In 1867, in the District Court of the United States for the Northern District of Alabama, William G. C. Humes obtained judgment against Allison, upon which an execution issued, and was by the marshal of the court levied on the lot. Under the levy the marshal made sale of the lot, at which James B. Robinson, the ancestor of the appellant, and brother-in-law of Allison, became the purchaser, paid the purchase money and received a conveyance from the marshal of all the right, title and interest Allison had in and to the lot. After the sale, until his death in 1870, Allison remained in possession, his wife and children living with him. After his death his widow continued in possession until her death in 1887. During the time the widow held possession the lot was sold by the executor of James B. Robinson and the appellant became the purchaser. The defense set up in this suit was that Mrs. Allison, the mother of the appellees, held the lot adversely, and not under her right of quarantine. There was evidence tending to show that while in possession Mrs. Allison said, the lot belonged to her.

Charge 1 refused to the plaintiff was the affirmative charge in his behalf. Charges 2 and 3 were that there was no evidence to show that the defendants held adversely. Charge 4 was that the plaintiff held the legal title to the lot and could recover unless the defendants showed adverse holding for ten years; and that they did not so hold from the evidence.

Charge 1 given to the defendants was that the question of adverse possession was for the jury to determine from all the evidence in the case. Charge 2 was to the effect that if the jury believed from a preponderance of the evidence that the defendants and those under whom

they claimed were in open, notorious, exclusive, continuous and peaceable possession of the property, claiming it as their own, adverse to plaintiff and those under whom he claims, ten years before this suit was brought the verdict should be for the defendants.

LAWRENCE COOPER and R. C. BRICKELL, for appellants, contended, that the doctrine of adverse possession is construed strictly, and that such possession cannot be made out by inference, but only by clear and positive proof; and in all cases the burden of proof rests on the party alleging it. That the possession of Mrs. Allison, after the death of her husband, had none of the elements of hostility as to the title of the plaintiff or his ancestor for the reason that neither could have maintained an action against her for the recovery of possession. And that there was no evidence that the plaintiff or his ancestor had any knowledge or notice of her claim of title, citing, 1 Am. & Eng. Ency. Law, 2 ed., 887; *Potts v. Coleman*, 67 Ala. 228; *Robinson v. Allison*, 97 Ala. 596; *Inge v. Murphy*, 14 Ala. 289; *Shelton v. Carroll*, 16 Ala. 148; *Lumley v. Haggerty*, 64 Am. St., 364. And that where the evidence is free from conflict, whether a possession is adverse, is a question of law not of fact, citing, *Union Canal Co. v. Young*, 30 Am. Dec., 212; *Verdery v. S. F. & W. R. Co.*, 82 Ga. 675; *Rung v. Shoenberger*, 26 Am. Dec. 95.

MILTON HUMES, JOHN H. SHEFFEY and PAUL SPEAKE, *contra*, contended, that the affirmative charge is erroneous when the evidence is conflicting, or is not free from doubt, or is circumstantial, or when a material fact rests wholly in inference, or when different inferences can reasonably be drawn from the evidence, citing, 3 Brick. Dig., p. 110; *Henry v. McNamara*, 114 Ala. 107; *Foxworth v. Brown*, 114 Ala. 299; *Sanders v. Edmonds*, 98 Ala. 157. And that reasonable inferences could be drawn from the evidence as to the character of Mrs. Allison's possession, citing, *Trufant v. White*, 99 Ala. 526.

SHARPE, J.—The governing principles and the main facts involved in this cause are stated in the report of

the same cause upon a former appeal and need not be here restated. See *Robinson v. Allison,* 97 Ala. 596. Upon a second appeal the question as to the sufficiency of the deed from the United States Marshal to James Robinson was considered with reference to its description of the lot sued for and particularly in respect of a defective statement of the boundary line and it was held that whatever ambiguity existed in the description was. eliminated by the uncontradicted parol proof.—*Robinson v. Allison,* 109 Ala. 409. An examination of the evidence had upon the last trial brings us now to a like conclusion. The evidence if believed establishes the identity of the lot sued for with that described in the marshal's deed, and also in the subsequent deed from Robinson's executor to the plaintiff, and the jury might have been so instructed since the evidence on that point is without material conflict and warrants no contrary inference.

In the first appeal, it was held in effect that under the deeds mentioned, the plaintiff acquired the title held by Samuel H. Allison in the lot sued for, at the time of the execution sale. It is well settled however that a sale of land under execution against the husband does not affect the right of dower.—*Irvine v. Armstead,* 46 Ala. 363; *Wood v. Morgan,* 56 Ala. 397; *Jackson v. Isbell,* 109 Ala. 100. And where the husband, as in this case, continues his residence upon the premises. after such sale, the widow not having relinquished her right to dower has the same right of quarantine as when there has been a voluntary alienation by her husband, as to which latter case the rule is likewise well settled in favor of her right.—*Inge v. Murphy,* 14 Ala. 289; *Shelton v. Carroll,* 16 Ala. 148; *Oakley v. Oakley,* 30 Ala. 131. Accordingly it was held in the first appeal that Mrs. Allison after her husband's death had the right to possession of the lot in controversy until dower was assigned, which was never done; that under the facts then in evidence her possession was not adverse to the legal title. In the opinion it is said that "in the absence of proof that she claimed possession adversely to the owner the law presumes that she held under the legal title." The correctness of that opinion does not appear to be now

questioned, but appellees contend that there is evidence in the last trial which was not in the first tending to show that Mrs. Allison did not claim by right of quarantine, but that her husband still claimed to own the property after the execution sale and that after his death she claimed it as the absolute owner, and that such evidence made it proper for the jury to determine whether possession so held and claimed was adverse to the title derived from that sale and subsequent deeds.

Whether Samuel H. Allison's possession was so adverse is immaterial; defendants do not and cannot claim title through him. His possession was not long enough to perfect title under the statute of limitations, and such possession as he had was interrupted by his death and the subsequent holding of Mrs. Allison, so that it cannot be tacked to that held by defendants after her death, for adverse possession to constitute title must be continuous for at least the statutory period of ten years. Nor can Mrs. Allison's possession be considered a continuation of her husband's since she did not hold through him. To enable the possession of one to be lengthened by being joined to that of another there must be not only continuity, but privity, by descent or grant or some judicial or other proceeding.—*L. & N. R. R. Co. v. Philyaw*, 88 Ala. 264; *Riggs v. Fuller*, 54 Ala. 141; *Crespin v. Hannovan*, 50 Mo. 536; *Hinckman v. Link*, 97 Mo. 482. Though derived through the husband, the right of quarantine establishes no such privity in estate. It is not an estate in land, but a mere temporary privilege to occupy it and have its rents and profits.—*Wallace v. Hull's Heirs*, 19 Ala. 367; *Barber v. Williams*, 74 Ala. 331; *Cook v. Webb*, 18 Ala. 810.

We need not state any affirmative rule as to what on the part of the widow having such right, will convert her presumptively subordinate possession into one adverse to the title. Doubtless a divestiture of her dower right, as by a release to the heir or tenant or other act amounting to a relinquishment of dower brought to the notice of the legal owner, would enable her thereafter to set up a possession which would be so adverse, and to perfect and prove ownership thereunder according to the usual rules. But so long as the right of quarantine

accompanies her possession; it excludes the owner's right to the possession and is sufficient to defeat any action he might bring therefor. While such is the status of the parties, no mere claim or assertion of ownership however often and openly made would start the statute of limitations to run against the owner to whom the right of entry and the cause of action has not accrued. We think the authorities lead to this result. Allusions to the absence of such proof, made in the opinion rendered on the first appeal, should not be taken as an intimation that such proof if had would alone be evidence of ownership in Mrs. Allison.—*Foy v. Welborn,* 112 Ala. 689. See *Gindrat v. Western Railway of Ala.,* 96 Ala. 162; *Pendley v. Madison,* 83 Ala. 484; *Lumley v. Haggerty,* 110 Mich. 562; 64 Am. St. Rep. 364; *Sherwood v. Baker,* 105 Mo. 472, 24 Am. St. Rep. 399. Lacking the element of hostility to the legal owners, the actual possession held by Mrs. Allison at the time of the executor's conveyance to the plaintiff did not make that conveyance champertous.—*Gamble v. Hamilton,* (Fla.) 12 So. Rep. 229.

Under the facts in evidence the court should have determined as a question of law that the attempted defense of adverse possession was not sustained and it was error in refusing each of the charges requested by the appellant, and likewise in refusing the motion for a new trial.

It follows that the charges given for the appellees should have been refused.

The judgment will be reversed and the cause remanded.