# Callahan *et al.* v. Nelson *et al.*

*Statutory Action of Ejectment.*

1. *Dower; not affected by sale of husband's land under execution.* The widow's dower interest in the lands of her husband is not affected or destroyed or defeated by the sale of said lands during the husband's life time under execution issued upon a judgment recovered against him.

2. *Same; right of quarantine; ejectment.*—The widow is entitled under the statute, (Code, § 1515), to retain possession of the premises which were occupied by her husband just before his death as a homestead, free from molestation and rent until dower is assigned her; and she may successfully defend an action of ejectment instituted against her by an alienee of the husband, or one claiming as purchaser at a sale under an execution issued on a judgment against the husband and levied upon the premises.

3. *Same; same; duty of having dower assigned not incumbent upon widow.*—Where the widow is in possession of the homestead which was occupied by her husband next before his death, it is not her duty to become the actor in securing the assignment of her dower, but this duty rests upon him who claims to own the fee to the premises, which he may do by bill in chancery to have the dower interest in the premises allotted to the widow; and, therefore, if the persons who claim to derive title from the husband desires to obtain possession of the portion to which they are entitled, they must, themselves, become actors to have the dower assigned.

APPEAL from the Circuit Court of Morgan.

Tried before the Hon. H. C. SPEAKE.

This was a statutory action of ejectment brought by the appellants, W. W. Callahan, W. E. Skeggs and E. W. Godbey, against the appellees, Abigail Nelson, W. W. Nelson and John Nelson, to recover eight acres of land specifically described in the complaint.

The plaintiffs claimed as purchasers at a sale under an execution issued on a judgment rendered against J. M. Nelson and G. A. Nelson; and which execution was levied upon the property in suit, as being the property of said J. M. Nelson. The defendant pleaded the general issue.

The cause was tried by the court without the intervention of a jury, and, at the request of the plaintiffs, the court made a special finding of the facts, which was in words and figures as follows: "I find that J. M. and G. A. Nelson executed the injunction bond offered in evidence upon which suit was brought, judgment rendered against them, executions regular issued thereon which was levied on the property in dispute as property of defendants in execution, after advertisement was sold, plaintiffs became purchasers thereof and received sheriff's deed therefor, and that at said sale notice was given by G. A. Nelson that the purchaser at said sale would bring a law suit. I further find that on the 17th day of January, 1884, a deed acknowledged on the 14th day of February, 1874, was made by E. Shirk and wife to J. M. Nelson for lands, among others embraced in this suit, that said deed was not filed for record until the 10th day of August, 1888. I further find that said J. M. Nelson was with his family from the last of January, 1874, until the time of his death, in possession of this land and that he gave it in for taxes most of his time, and further that he filed a bill in chancery and made affidavit among other things that he was seized in fee of said land. I further find that on the 20th day of December, 1877, J. M. Nelson executed a deed attested by two witnesses conveying the land to the defendant Abigail Nelson; that said deed was not acknowledged until December 18, 1886, and

was not recorded until the 8th of July, 1895. I further
find that this deed was never delivered to A. Nelson,
nor did she have any knowledge of the execution. I
further find that in 1863, the defendant A. Nelson was
by deed executed by A. Condet and others the owner
of land described in the deed of said Condet, situated
in the State of Indiana. I further find that by the
laws of Indiana these lands were the statutory sepa-
rate estate of the said A. Nelson. I further find on
or about the 14th of January, 1874, A. Nelson bought,
with other lands, the lands in suit and paid for them
by conveying the same land sold so situated in Indiana
therefor. I further find that a deed was executed by
E. Shirk and wife for lands in dispute, but that the
deeds therefor and thereto are lost. I further find
that shortly after the said purchase from E. Shirk the
defendant A. Nelson and her husband and family went
into and have been in possession of said land ever since.
I further find that on the 18th of December, 1886, de-
fendant sold to E. Gordon all the lands by her received
from said Shirk except the lands embraced in this
suit; that she reserved as a homestead. I further find
that the said A. Nelson received the money and notes
therefor in her own name. I further find that Mrs.
A. Nelson never had any notice that J. M. Nelson had
received any deed from Shirk and wife to J. M. Nelson
or any notice that J. M. Nelson asserted any claim
or title to said land; further that his said deed was not
filed for record until August the 10th, 1888, more than
ten years after defendant Abagail Nelson and her fam-
ily, including J. M. Nelson, went into possession. Fur-
ther find that A. Nelson never had any notice of the
deed executed by J. M. Nelson conveying the land to
her of date of 20th of December, 1877, and acknowl-
edged December 18, 1886. I further find that Mrs.
Nelson paid the entire purchase money for said land
and went into possession of the same the latter part
of January, 1874, without notice of claim of J. M.
Nelson or any one else to said land. I further find
that J. M. Nelson died October 19, 1896, and this land
now in suit was occupied as a homestead, and no dower

had ever been assigned his widow, A. Nelson, defendant in this suit, and that she, since January, 1874, and continuously up to the present time, has occupied said land as her homestead. Upon the finding of facts the lower court is of the opinion that defendants are entitled to a judgment. It is, therefore, considered by the court that the suit of plaintiffs be and the same is hereby dismissed, and the defendant go hence and recover of the plaintiff the cost in this behalf expended for which let execution issue. It is further ordered that plaintiffs be allowed sixty days from adjournment of court to prepare and tender to the presiding judge their bill of exceptions in this case."

The plaintiffs separately excepted to specific portions of the court's finding, and also separately excepted to many rulings of the trial court upon the evidence; but under the opinion on the present appeal it is unnecessary to set out in detail either the rulings or the facts pertaining thereto.

From a judgment rendered in favor of the defendants, the plaintiffs appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

W. W. CALLAHAN and E. W. GODBEY, for appellants. Plaintiffs were *bona fide* purchasers as to any claim of Mrs. Nelson; and enjoyed the immunity possessed by the execution plaintiff.—*Winston v. Hodges,* 102 Ala. 304; *Troy v. Walter Bros.,* 87 Ala. 233; *Wood v. Lake,* 62 Ala. 489; *Motley v. Jones,* 98 Ala. 443; 16 Am. & Eng. Ency. of Law, 832, note; *Saffold v. Wade,* 51 Ala. 214.

Plaintiff having made out a *prima facie* case, was under no obligation to conjure up speculative defenses, such as dower, quarantine, etc., and to assail them.—16 Am. & Eng. Ency. of Law, 655, note;*Wider v. Cowles,* 100 Mas. 487; *Bank v. Hurford,* 29 Iowa 579.

Quarantine is a personal privilege (*Norton v. Norton,* 4 Ala. 485); and non-assignment of dower being peculiarly in the knowledge of the widow, she must prove it.—Bailey's *Onus Probandi,* 1, 5; 2 Am. & Eng. Ency. of Law, 656, note; *Wood v. Hobbs,* 100 Ala. 326.

[Callahan *et al.* v. Nelson *et al.*]

The plaintiff's *prima facie* case was not overcome by mere proof of coverture, and death of the husband, without a word as to testacy, administration, non-assignment of dower, or the failure to make other provisions for the widow, or the setting off of dower by agreement.—*Johnson v. Neill,* 4 Ala. 166; 5 Am. & Eng. Ency. of Law, 924. The lack of any power in the alience to take proceedings to set off dower, necessarily imposes that duty on the widow if she would set up quarantine rights.—Code, § 1515.

The lack of any sort of title or interest of the husband in and to these lands at the time of his death precludes the assertion of a right of quarantine thereto by his widow.—*Harrison v. Boyd,* 36 Ala. 208; 10 Am. & Eng. Ency. of Law (2d ed.), 149, note 10; *Collins v. Warren,* 29 Mo. 236.

W. R. Francis, *contra.*—This being the homestead that was occupied by appellee Abigail Nelson and her husband, Jas. M. Nelson, at the time of the death of the latter, it matters not whether the title was in appellee Abigail Nelson or in her husband, Jas. M. Nelson. Because if the title had been in Jas. M. Nelson, she, as his widow, is entitled to occupy the homestead and the lands adjoining thereto until the dower is assigned to her.—Code 1896, § 1515; *Clancey v. Stephens,* 92 Ala. 577.

Her right to dower, or homestead, or quarantine, cannot be raised in a collateral proceeding like this by parties seeking to set up an adverse claim to the property involved in this suit. She is entitled to occupy until her dower is assigned her.—Code 1896, § 1515. She also has a right to the homestead of her deceased husband (Code 1896, § 2069), and this right is not affected in any way by her dower interest nor because she may have had a separate estate from that of her husband.—*Chisholm v. Chisholm,* 41 Ala. 327; *Jordan v. Strickland,* 42 Ala. 315; *Johnson v. Davenport,* 42 Ala. 317; *McCuan v. Turrentine,* 48 Ala. 68, 70; *Thompson v. Thompson,* 51 Ala. 493; *Darden v. Reese,* 62 Ala. 311; *James v. Clark,* 89 Ala. 606.

TYSON, J.—The plaintiffs. purchased the lot in controversy at an execution sale on the 2d day of September,. 1895, receiving a sheriff's deed thereto, as the property .of J. M. Nelson, defendant in execution. Their contention is, that it was the property of J. M. Nelson, the husband of the defendant Abigail Nelson at the date of the rendition of the judgment and at the date of the sale. This contention is sustained by the evidence if we eliminate from all consideration the evidence offered by the defendant, Mrs. Nelson, tending to establish that Shirk, from whom both she and her husband claim to have derived title, executed to her a deed prior in point of time to the one he executed to her husband.—*Winston v. Hodges,* 102 Ala. 304; *Wells v. American Mortgage Co.,* 109 Ala. 430. Under the view we take of this case, it is unnecessary to discuss the question whether the testimony in point of fact establishes the execution of a deed by Shirk to Mrs. Nelson. The testimony on that point is in hopeless conflict, and it does not appear that the finding by the court against the plaintiffs' contention is plainly erroneous.—*Woodrow v. Hawving,* 105. Ala. 240; *Malone v. Cobb,* 92 Ala. 630.

Accepting the theory of the plaintiffs that the lot belonged to J. M. Nelson, and that it was subject to execution and sale, as true, upon the undisputed facts as disclosed by the evidence, they are not entitled to recover the portion of it in Mrs. Nelson's possession. She and her husband went into possession of the lot in 1874· and resided continuously upon that portion of it claimed by her as their homestead until his death in 1896. Since the death of her husband she has continued to reside on it. The sale under which the plaintiffs claim title, did not defeat her right of dower.—Code, § 1509;. *Wood v. Morgan,* 56 Ala. 397; *Jackson v. Isbell,* 109 Ala. . 100. Having a right of dower in the portion of the lot claimed by her, and it being the homestead of her husband, her right of quarantine attached as an incident thereto. And under section 1515 of the Code, she is entitled to retain the possession of it until her dower is. assigned, free from the payment of rent. Indeed, if she were out of possession, she could maintain an action not only to recover the possession of it, but could sue for the

rents arising from it. So too, she can defeat any action brought against her to recover its possession from her. *Oakley v. Oakley,* 30 Ala. 131; *McLaughlin v. Godwin,* 23 Ala. 846; *Inge v. Murphy,* 14 Ala. 289; *Cook v. Webb,* 18 Ala. 814; *Shelton v. Carrol,* 16 Ala. 148.

It is contended by appellants that there is no proof that Mrs. Nelson's dower has not been assigned to her— that the burden of proof is upon her to show this fact. It is true the record, which purports to set out all the evidence, is silent as to whether dower has or has not been assigned. We take it, that no evidence on this point was introduced. But the burden was not on Mrs. Nelson to show that her right of quarantine had been destroyed by the assignment to her of dower or by relinquishment of dower. It was not her duty to have dower assigned and certainly not to her interest to do so. The duty is clearly upon the plaintiffs. It is insisted that this duty is not upon the plaintiffs, for the reason that section 1516 of the Code confers the right to petition the probate court to assign dower upon the widow, heir or personal representative. The answer to this is, that the plaintiffs can by proceeding in chancery have her dower assigned and that, if they desire to obtain possession of the portion to which they are entitled, they must themselves become the actors to have the dower assigned to her. The right of quarantine being once shown to exist, it is not to be presumed that she would destroy it, simply to acquire a less valuable one, and especially is this true since no duty was devolved upon her to do so. The case of *Shelton v. Carrol, supra,* is decisive of this question.

As to the portion of the lot in the possession of the defendant, John Nelson, the evidence shows undisputedly that he had been in the actual possession claiming to own it in right of his wife for more than ten years before the bringing of this suit.

A great many exceptions were reserved by the plaintiffs to the introduction of evidence against their objection. Confessedly much of the evidence objected to was irrelevant and illegal and should have been excluded. But with it in or out of the case, the facts are undisputed that Mrs. Nelson is the widow of J. M. Nelson and that the lot in suit claimed by her, was their home-

stead at the time of his death and had been for more than twenty years prior thereto.—*First National Bank v. Chaffin*, 118 Ala. 246.

The judgment must be affirmed.

Affirmed.