# Dossey *v*. Pitman *et al.*

### Statutory Action in the Nature of Ejectment.

1. *Homestead exemption to widow; by what law determined.*—Where the decedent died in June, 1876, his widow's right of homestead exemption is governed, so far as its extent is concerned, by the provisions of the act approved April 23d, 1873, since repealed; but proceedings for an allotment of the homestead being had since the passage of the act approved February 9th, 1877 (Code, §§ 2827, 2841), and the estate being regularly declared insolvent, the manner of asserting and contesting the right, and the proceedings connected therewith, are governed by the latter statute.

2. *Same; selection, allotment, return, and confirmation.*—Where the record shows that the appraisers of the estate, acting as commissioners, allotted to the widow 160 acres of land, describing and valuing it at less than $2,000, and returned their allotment to the court, by which it was ordered to be received and recorded, and no exception or objection was reserved or made to the proceedings; and it further appears that the widow remained in possession of the land so allotted to her, until her death, six years afterwards, without any attempt on the part of the heirs or the creditors to subject it as assets; the widow's selection, or a selection for her by the commissioners on her failure to select, will be presumed, and her title will be sustained, in favor of her heirs, as against the claim of the decedent's heirs.

3. *Same; order approving allotment, when necessary.*—The court having ordered that the allotment made by the commissioners be received and recorded and no exceptions being filed, no order approving the allotment was necessary.

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. H. C. SPEAKE.

This was the statutory action for the recovery of land by the appellant, Malinda C. Dossey, as heir at law of Malcolm

G. Graham, against the appellees, Anna Pitman *et al.*, heirs of Elizabeth Graham, widow of said Malcolm G. Graham, The land sued for was in the possession of the defendants, who claimed under the alleged homestead right of said Elizabeth Graham.

The material facts are stated in the opinion, and on these facts, the court, on the request in writing, of the defendant, charged the jury, that if they believed the evidence they must find for the defendants. The plaintiff excepted to this charge and the same is assigned as error.

R. O. PICKETT and J. C. KUMPE, for appellant.—The question raised is, whether the facts shown by the record of the Probate Court operated a divesture of title out of the appellant as heir at law of Malcolm G. Graham. In order to operate such divesture, the record should affirmatively show: 1st. That a selection of homestead was made in some mode prescribed by law. 2d. That the land so selected was reported to the court. 3d. That the court judicially acted on such report, confirming the same as required by law. In support of this position, the following cases are cited :—*Block v. George*, 70 Ala. 411 ; *Crowder v. Fletcher*, Sup. Ct. of Ala., in MSS.; *Turnipseed v. Fitzpatrick*, 75 *ib.*, 297 ; *Jarrell v. Payne*, 75 *ib.*, 577 ; *Mattox v. Feagan*, 57 Ala. 274 ; *Tucker v. Henderson*, 63 Ala. 280 ; *McCuan v. Tanner*, 54 Ala. 84; *Rottenberry v. Pipes*, 53 Ala. 447 ; *Meacham v. Moore*, 73 Ala. 542.

W. P. CHITWOOD, *contra.*—The setting aside the land by the three appraisers, and the decree of insolvency, vested it absolutely in the widow.—Code of 1876, § 2827 ; *Hartsfield et al. v. Harvaly*, 71 Ala. 231 ; *Baker v. Keith*, 72 *ib.* 121. If there was any irregularity in the setting aside, there was enough to give the court jurisdiction, and error intervening afterwards would not invalidate the proceeding. Such error could not be taken advantage of on *collateral* attack. 1 Brick. Dig., 939, § 355 ; *Pollard v. Hanrick*, 74 Ala. 336 ; *Bland v. Bowie*, 53 *ib.*, 152 ; *Kelly v. Garrett*, 67 *ib.*, 304. The only object of the report to the court of the exempt property is to individualize or identify it, and if it is within the amount allowed by law, it is exempt, whether reported to the Probate Court or not.—*Jarrell v. Payne*, 75 Ala. 575 ; *Meacham et al. v. Moore*, 73 *ib.*, 542. Under § 2841 of the Code of 1876, if no exceptions to the report are filed within the prescribed time, the report stands confirmed without any action of the court. The case of *Turnipseed v. Fitzpatrick*, 75 Ala. 297, was governed by sub-division 6, of § 2061 of the

[Dossey v. Pitman *et al.*]

Code of 1867, and in that case, the record failed to show that the appraisers ever acted under their appointment or made any report to the court. In the act of April 23, 1873, there is no requirement that the report be confirmed.—Acts of 1872–3, 68, §§ 13, 15 and 16. Exemptions laws are to be construed liberally.—*Allman v. Gann*, 29 Ala. 242.

STONE, C. J.—In *Turnipseed v. Fitzpatrick*, 75 Ala. 297, we construed § 2061, sub-section 6, of the Code of 1867. We held it was necessary to a valid setting apart of a homestead to a widow or minor child, or to both, under that statute, that the commissioners appointed for the purpose should report their action to the court, and that judicial action should be taken upon it. In that case the commissioners had failed to report their proceedings to the court, and the court's records and files failed to show that any selection or allotment had been made. The language of this court was, " We can not be permitted to surmise, from parol testimony, that a selection was practicable, or that the court might not have deemed the applicants entitled to the proceeds of the sale in lieu of the land itself, this being an alternative relief authorized by the statute, to be adjudged in a specified contingency, the non-existence of which can not be presumed, in the absence of record evidence positively affirming its truth."

Malcolm G. Graham, the intestate in this case, died in June 1876, leaving a widow, but no minor child. The widow was appointed administratrix, and the estate was declared insolvent. It paid a very insignificant dividend to the creditors, and no question is raised on the regularity of the proceedings which resulted in the declaration of insolvency. The widow's claim of homestead was and is governed by the provisions of the act "to regulate property exempted from sale for the payment of debts," approved April 23, 1873, so far as the extent of her right is concerned.—*Taylor v. Pettus*, 52 Ala. 287 ; *Taylor v. Taylor*, 53 Ala. 135 ; *Rottenberry v. Pipes*, *b*. 447. The present proceedings setting aside homestead were not had until after the enactment and approval of the statute of February 9, 1877. As to the manner of asserting and contesting the right, the later statute governs. *Clark v. Spencer*, 75 Ala. 49. The statutory regulations which expressly bear on this case are §§ 2827 and 2841 of the Code of 1876.

The present is a statutory real action by the heir at law of Malcolm G. Graham, against the heirs of Mrs. Graham, who are in possession, claiming title under their deceased grand-mother's alleged homestead right.

[Long, Adm'r, v. Parmer.]

It is objected against the validity of the alleged allotment of homestead—First : That the record fails to show any selection made by the widow, and fails to show a selection made by the commissioners, on her presumed failure to act. The record does show that the appraisers, acting as commissioners, did allot, describe and appraise 160 acres of land as the widow's homestead, valuing it at less than two thousand dollars, and that they made a sworn report of the allotment and valuation to the Probate Court. The record shows further, that the widow occupied it as a homestead until her death six years afterwards, and that such homestead was never afterwards treated as any part of the available estate, either by herself, or by her successors in the administration. Coming, as the question does, collaterally before us, with no exceptions filed by any one to the allotment, we will presume either that the widow made the selection, or that she failed to act and the commissioners selected for her.

A second objection urged is, that the record fails to show any ruling of the Probate Court, approving the allotment made by the commissioners. The court did order that it be received and recorded. No exceptions being filed to the allowance of the claim, we think no further ruling was necessary.—Code of 1876, § 2841 ; *Jarrell v. Payne*, 75 Ala. 577.

Affirmed.

*Statutory Action in the Nature of Ejectment.*

