# Clancy *v.* Stephens.

| 92  577|
| 97  603|

*Statutory Action in nature of Ejectment.*

1. *Judgment as evidence of debt.*—A judgment is not, of itself, evidence of the existence of a debt prior to the day on which it was rendered.

2. *Homestead in 1870; right of surviving widow.*—Under the constitutional provisions of force in 1870, the area of the homestead was limited to eighty acres; and on the death of the husband in 1876, possessed of a homestead of one hundred and twenty acres, his surviving widow can not assert any homestead right in or to the tract, as against a debt contracted in 1870, until she has made a selection, or it has been lawfully set apart for her; and if she is insane, she can not make a selection.

3. *Widow's quarantine.*—The widow's statutory quarantine, or right to retain the possession of her husband's dwelling-house until dower is assigned her (Code, § 1900), depends on the residence of her husband at the time of his death, and not on her residence with him, and is not affected by the fact that she is insane, or is confined in an insane asylum; and she may recover the possession by suit, with rents and profits during its detention.

4. *Sale of lands by administrator, for payment of debts; effect on widow's dower and quarantine.*—A sale of lands by an administrator, under a probate decree, for the payment of debts, without the written consent of the widow (Code, § 2127), does not affect her right of dower, nor her statutory quarantine; and she may recover the possession from the purchaser at the sale.

5. *Appointment of administrator de bonis non; conclusiveness of.*—The validity of the appointment of an administrator *de bonis non* can not be assailed, in an action against a purchaser of lands sold by him under a probate decree, since the order of sale involves a judicial determination of the fact that he is such administrator.

6. *Revivor of appeal.*—In an action brought by the widow to recover her statutory quarantine, with rents and profits as damages, judgment being rendered against her, and an appeal taken in her name; on her death pending the appeal, there can be no revivor in the name of her heirs, since the right of quarantine is not a heritable interest; but there may be a revivor in the name of her personal representative, who is entitled to the rents and profits.

APPEAL from the Circuit Court of Crenshaw.

. Tried before the Hon. JOHN P. HUBBARD.

This was a statutory action of ejectment brought for the benefit of Eliza Clancy, by her guardian, against the appellee, F. M. Stephens; and sought to recover certain lands specifi-

[Clancy v. Stephens.]

cally described in the complaint. The plaintiff based her right of recovery upon her right, as surviving widow, to a dower and quarantine in the lands sued for, which was her deceased husband's last homestead. The defendant based his right to the lands sued for under a purchase at the sale of the lands in controversy by the administrator for the payment of all the debts of the estate of the plaintiff's husband. All the facts bearing on the questions involved, and which show the respective contentions, are sufficiently set forth in the opinion. Upon all the evidence as adduced, the court, at the request of the defendant, gave the general affirmative charge in his behalf, to which the plaintiff duly excepted.

There was judgment for the defendant. The cause was first submitted to this court upon the record as then presented, together with a motion to revive in the name of the heirs at law of Mrs. Clancy, who had died during the pendency of the appeal. In considering this motion, which was resisted by the appellees, this court held there could be no revival under the statute in the name of Mrs. Clancy's heirs at law, hence declined to render judgment on that appeal. Afterwards, in pursuance of a suggestion of this court, a motion was made in this court that the appeal be revived in the name of the administrator of Mrs. Eliza Clancy. This motion was granted, and the cause was here revived in the name of Thomas Swanner as administrator of Mrs. Eliza Clancy, and the judgment was then reversed and the cause remanded.

J. E. P. FLOURNOY and M. W. RUSHTON, for appellant.

GAMBLE, BRICKEN & GAMBLE, and PARKS & PARKS, *contra.* —The wife of the intestate cannot claim the land in controversy, because (1) at the time of the rendition of the judgment, for the payment of which the land was sold, only 80 acres were allowed for homestead exemption; and (2) because the homestead had not been selected, and unless selected the exemption is waived.—*Butts v. Broughton,* 72 Ala. 294; *Smith v. Cockrell,* 66 Ala. 64; *Jarrell v. Payne,* 75 Ala. 577; *Munachus v. Harris,* 69 Ala. 506; *Raltenberry v. Pipes,* 53 Ala. 447. The action of the Probate Court ordering and confirming sale, &c., can not be collaterally attacked on this appeal.—85 Ala. 30; 84 Ala. 197; *Ib.* 557; 85 Ala. 367; 82 Ala. 376; 78 Ala. 200; 76 Ala. 530; 72 Ala. 224; 71 Ala. 594. The motion to revive in name of the heirs at law of Mrs Clancy can not prevail.—Thompson on Homestead, § 489; 47 Ga. 629; 57 Ga. 348.

STONE, C. J.—Daniel Clancy died intestate in August, 1876. At the time of his death he owned and resided on the lands—122 acres—which are the subject of the present statutory real action. They were his last residence. He left surviving him a widow, Eliza Clancy, who is the plaintiff in this suit. Mrs. Clancy was insane at and before the time of her husband's death, and she ever afterwards continued so. About two or three months after she became a widow she was placed in the State Insane Hospital, and when this case was tried in the court below, she was still an uncured inmate of the hospital.

It is claimed for appellant that the property in controversy was and is the homestead of Mrs. Clancy, and that she could and can maintain this action on that title. The debt, for the payment of which it is claimed the land was sold, to be considered further on, is shown to have been reduced to judgment against intestate March 18, 1870. There is no proof when it was contracted. We must, then, for want of better, or other proof, treat the date of the judgment as the date of the creation of the debt.—*Gordon v. McIlwain*, 82 Ala. 247. On March 18, 1870, the Constitution of 1868 fixed the maximum homestead in quantity at eighty acres; and that is the extent of Mrs. Clancy's rightful claim. The tract in this case contains 122 acres, and hence it was necessary to a valid homestead right that the widow should have made a selection, or that it should have been lawfully set apart for her. Neither was done. In fact, being insane, she was incapable of making a selection.—*Clark v. Spencer*, 75 Ala. 49; *Turnipseed v. Fitzpatrick*, Ib. 297; *Dossey v. Pitman*, 81 Ala. 381; *Block v. George*, 83 Ala. 178; 2 Scribner Dower, 500. The present suit can not be maintained on the asserted homestead right.

Much proof was made in the trial court to the effect that, at the time of Mr. Clancy's death, and before, his wife did not live with him, or stay at home, but that being insane, she wandered about over the country, visiting among her children and other friends. It was also shown that, a few hours before her husband's death, friends of the family confined her in a small house on the premises, and that she remained there until her removal to the Insane Hospital. Under the view we take of this case, neither of these inquiries was material. The Code of 1886, § 1900, provides: that "The widow may retain possession of the dwelling-house where her husband most usually resided next before his death, with the offices and buildings appurtenant thereto, and the plantation connected therewith, until her dower is assigned her, free from the payment of rent." It is thus seen that residence of the husband,

[Clancy v. Stephens.]

not of the wife, at the time of his death, is the controlling fact which entitles the widow to quarantine as an incidental right to dower. An additional reason is found in the fact that the residence of the husband, unless there has been divorce, or legalized separation, is the residence or domicil of the wife, whether she usually makes that her habitation or not. And her insanity does not bar her. It furnishes an additional reason for its allotment.—2 Scribner Dower, 500–1; *Eslava v. Lepetre*, 21 Ala. 504. Her removal to the Insane Hospital at Tuskaloosa is no obstruction to her claims, first, because the removal was without her consent, and, second, because she was without mental capacity to consent. Having the statutory right to the possession, she could either maintain or defend that possession by suit against any and all persons not showing a better title; and could sue and recover the rents and profits against any one coming into the possession of them without right.—*Benagh v. Turrentine*, 70 Ala. 557; *Inge v. Murphy*, 14 Ala. 289; *Doe ex dem. v. Carrol*, 16 Ala. 148; *Doe ex dem. v. Webb*, 18 Ala. 810; *McLaughlin v. Godwin*, 23 Ala. 846; *Oakley v. Oakley*, 30 Ala. 131; *Boynton v. Sawyer*, 35 Ala. 497; *Slatter v. Meek, Ib.* 528; *Perrine v. Perrine, Ib.* 644.

Our statutes make provision for obtaining relinquishment of an insane wife's right of dower.—Code of 1886, §§ 1876, 7, 8. The statutes, however, have reference to such relinquishments only when sale is made by the husband in his life-time. There is no provision for such relinquishment after the death of the husband. Nor is it pretended that any such attempt was made in this case.

Since the trial of this cause in the court below, and since the appeal was taken, Mrs. Eliza Clancy, the appellant, has died, her death has been suggested, and a motion made to revive in the name of her heirs at law. The motion was resisted, and it, together with the cause, has been submitted for our decision.

We have shown above that Mrs. Clancy's only title on which she could recover was her quarantine right. Quarantine is but an incident to dower, and neither of them is a heritable estate. They perish with the widow.—*Harrison v. Boyd*, 36 Ala. 203; *Slatter v. Meek*, 35 Ala. 528. It follows that, when Mrs. Clancy died, she left no transmissible estate, and her heirs at law can inherit nothing from her. As to any estate or right she is shown to have had, her descendants are not her legal successors. She left no estate, emanating from her, to be succeeded to. There can be no revivor in the name of her heirs at law.

The present action, however, is what our statute denominates a real action, but in fact it is a mixed action. It authorizes not only the recovery of lands, but of mense profits, or rents as well.—Code of 1886, §§ 2710–11. The complaint in the present case claims damages as well as the land. At the time the suit was brought, and up to the time of her death, Mrs. Clancy, as we have shown, had a *prima facie* right to recover the land and the mense profits or rents. Her death terminated her right to recover the lands, by operation of law, but not the accrued rents or mense profits. These survive, are personalty, and of right belong to the personal representative.—1 Brick. Dig. 12, §§ 181, 183; *Hairston v. Dobbs*, 80 Ala. 589; *Chandler v. Jost*, 81 Ala. 411; *Davis v. Curry*, 85 Ala. 163. Appellant is not entitled to revivor in the name of the heirs at law.

We have shown that, when this suit was instituted, plaintiff's testimony, if true, makes a *prima facie* case for recovery. Has it been overcome? Thrower, styling himself administrator *de bonis non* of the estate of Daniel Clancy, deceased, filed his petition in the Probate Court, praying for an order to sell said lands for the payment of the debts of the estate. Under that petition, the court granted the order of sale, the lands were sold to the highest bidder, Stephens became the purchaser, paid the purchase-money, the sale and payment were reported to the court, the sale confirmed, order to make title granted, and title made to the purchaser. No error is pointed out or discovered in any of these proceedings upon which we need comment. The objection urged before us is, that the appointment of Thrower, was void, and, therefore, the purchaser took no title under his purchase.

It is contended that the order appointing Thrower administrator *de bonis non* was void, because the order assuming to remove Clancy, administrator in chief, was void. The order of removal was certainly very irregular, and if it had been appealed from, it would have been reversed. But the question comes before us in this case collaterally.

When Thrower filed his petition for an order of sale, he averred therein that he was the administrator *de bonis non* of the estate of Daniel Clancy, deceased. That was a jurisdictional averment, without which he could not obtain a valid order of sale. The granting of the order of sale by the Probate Court in this case was a judicial determination that Thrower was the personal representative, for without such determination the order could not have been granted. That order can not be impeached, or assailed, on collateral attack, such as this.—*Landford v. Dunklin*, 71 Ala. 594; *May v. Marks*,

[Stephenson v. Reeves.]

74 Ala. 249; *Burke v. Mutch*, 66 Ala. 568; *Sims v. Waters*, 65 Ala. 442.

The sale and conveyance to Stephens devested the title of the estate out of the heirs of Daniel Clancy. Did it cut off Mrs. Clancy's right of dower and of quarantine?

The personal representative, when he obtains an order to sell lands of a decedent for division, or for the payment of debts, does not sell the dower, or widow's interest, unless the widow first files in the office of the judge of probate her written consent that her dower interest may be sold, so as to vest in the purchaser the complete title.—Code of 1886, § 2127. Without such previous written consent, both the order of sale and the sale made are subject, whether expressed or not, to the right of dower. And the same rule must apply to quarantine; for that is only an incident or preliminary stage of the dower right. There was not only no such consent filed in this case, but the widow, being insane, was incapable of giving her consent. The dower and quarantine interest were not sold, and Stephens, by his purchase, acquired no right to them.—*Bradford v. Bradford*, 66 Ala. 252; *Jenks v. Jarrell*, 73 Ala. 238.

The motion to revive in the name of the heirs must be overruled. If there is any right to revive, that right is in the personal representative of Mrs. Clancy.

PER CURIAM.—We regard the circumstances of this case as a sufficient showing for extension of the time within which appellant will be permitted to revive. It is therefore ordered, that this appeal stand revived in the name of Thomas Swanner, as administrator of Eliza Clancy, appellant, who has died pending the appeal.—Code of 1886, § 2656; Rule of practice of Sup. Ct., No. 36.

The judgment of the Circuit Court is reversed, and the cause remanded.

*Statutory Action in nature of Ejectment.*

