243 So.2d 670

**Tishie CLARK**

v.

**Leon McWATERS.**

**4 Div. 377.**

Supreme Court of Alabama.

Nov. 5, 1970.

Rehearing Denied Feb. 4, 1971.

W. H. Baldwin, Andalusia, for appellee.

J. Fletcher Jones, Andalusia, for appellant.

SIMPSON, Justice.

The appellee filed a statutory suit in ejectment on the law side of the court, seeking to gain possession of a certain lot in Opp, Alabama. The appellant filed a motion to transfer the case to the equity side, claiming a dower interest in the prop-

erty as the widow of J. H. Clark, deceased. The following is undisputed:

J. H. Clark bought the property involved in 1952. In 1954 he executed a mortgage on the property to the First National Bank of Opp. In 1965 J. G. Clark bought the property at a foreclosure sale. J. G. Clark subsequently died and by will left the property to his widow, Ettie L. Clark. In June, 1967, Ettie L. Clark deeded the same to Roxie J. McWaters, who deeded it to Leon J. McWaters, the appellee, in January, 1968. Leon J. McWaters subsequently filed his ejectment action. The appellant then transferred the case to equity and asserted her claim to a dower interest in the property, contending that she was the widow of J. H. Clark because they had lived together in a common-law relationship since 1944, when she divorced her first husband, and had previously lived together since 1929. Her contention was that a valid common-law marriage was consummated between them in 1944 when she divorced her husband, and lasted until mid 1956, when J. H. Clark left her and married another woman. J. H. Clark died December 24, 1956. His estate was administered in Coffee County.

The trial court made no determination of the validity of the asserted common-law marriage. Its conclusion was that Title 34, § 63, Code of Alabama, barred appellant's claim, assuming the validity of the marriage. That statute is as follows:

"All proceedings or suits for dower, when the claim or rights of a voluntary or involuntary alienee of the husband, or anyone claiming under such alienee, are involved in such suit or proceedings, must be commenced within three years after the death of the husband, and not after; and in all other cases the proceedings must be commenced within ten years after the death of the husband and not after."

J. H. Clark died in 1956. This proceeding was not commenced until 1968.

We agree with the trial court that the foregoing statute is a bar to appellant's dower claim. The appellant contends that this statute has no application where the "widow has been in possession of the land since her husband died". She is mistaken in this contention. This court has held that the foregoing statute does not prevent a widow from claiming dower where she has remained in possession "of the dwelling house *where her husband most usually resided next before his death* * * * until her dower is assigned her", which right she has under Title 34, § 50. (Emphasis added.) Williams v. Anthony, 219 Ala. 98, 121 So. 89. This is the widow's so-called "quarantine" right incidental to dower, but it is the residence of the husband next before his death, and not of the wife at the time of his death, which is the controlling fact. Clancy v. Stephens, 92 Ala. 577, 9 So. 522, 524. In this case it is not controverted that J. H. Clark was residing other than on the property involved in this proceeding at the time of his death.

The appellant was not in possession of the property under right of quarantine. That being the case, Title 34, § 63 limits the period of time in which she may assert a claim of dower against an alienee of her husband during his lifetime and effectively bars her claim, assuming for these purposes only that a valid common-law marriage existed between appellant and J. H. Clark. Clark died in 1956. No claim of dower was made by appellant until 1968. Under Title 34, § 63, she has waited too long unless she can show that her possession was under the provisions of Title 34, § 50. She has not done so, and indeed the uncontroverted evidence would defeat such a contention.

The decree appealed from is affirmed.

Affirmed.

COLEMAN, BLOODWORTH, MADDOX and McCALL, JJ., concur.

## On Rehearing

SIMPSON, Justice.

On application for rehearing appellant contends that the original opinion in this

case is wrong in that the rule stated there is inapplicable in cases where the husband has abandoned the wife and the home, relying on Winkles v. Powell, 173 Ala. 46, 55 So. 536, and Lewis v. Lewis, 201 Ala. 112, 77 So. 406. The evidence adduced below will not sustain the appellant's contention. In fact, it refutes the assertion that the house now occupied by the appellant was ever the residence of J. H. Clark. There was evidence from a great many witnesses to the effect that from 1931 until 1954 J. H. Clark lived with his brother-in-law, that he kept his personal belongings in his brother-in-law's home and that he stayed out late at night but was always there for breakfast. His sister did his laundry. After his brother-in-law moved away, J. H. Clark continued to live in the house and ate breakfast with his brother who lived next door. This property was in Coffee County. Title to the property there where J. H. Clark's brother-in-law lived was in J. H. Clark's name. Records indicated that Clark claimed a homestead exemption in Coffee County. Friends of J. H. Clark, who testified that they had known him all of his life, stated that he "went with" Tishie Clark up until about a year before he died, when he got married. During the years that he went with Mrs. Clark, witnesses testified that he was at her residence two or three times a week, maybe more, but "I wouldn't say he stayed all night". J. H. Clark's brother-in-law testified that at one time Clark had stated that he would have married Tishie but for his (J. H. Clark's) folks.

Under these circumstances we cannot conclude that J. H. Clark abandoned his "wife" and home, the situation presented in the cases relied upon by appellant.

Opinion extended and application for rehearing overruled.

HEFLIN, C. J., and COLEMAN, BLOODWORTH and McCALL, JJ., concur.