324 So.2d 277

**William Clyde GIVENS**

v.

**GENERAL MOTORS ACCEPTANCE CORPORATION, a corporation.**

**Civ. 679.**

Court of Civil Appeals of Alabama.

Dec. 17, 1975.

562

William D. Melton, Evergreen, for appellant.

Howell, Johnston, Langford, Finkbohner & Lawler, Mobile, and Edwin C. Page, Jr., Evergreen, for appellee.

**HOLMES, Judge.**

This is an appeal from the Circuit Court of Conecuh County. The issue on this appeal is whether the trial court properly granted plaintiff-appellee's motion for summary judgment denying defendant-appellant's counterclaim.

The facts as revealed by the record are undisputed. Defendant-appellant William Clyde Givens purchased two trucks from a dealer in late 1972 and early 1973. The trucks were purchased under installment contracts, which contracts were then assigned to plaintiff-appellee General Motors Acceptance Corporation. At the time of purchase, Givens also obtained disability insurance with an insurance company, to insure payment on the trucks.

In March or April of 1973, Givens requested through the dealer that the disability insurance be cancelled. This was done, and in April of 1973 Givens was no-

tified by appellee-corporation that it had received the premium refund and applied it to the balance of his account under the contracts. Givens took no action concerning this disposition of the refund until the filing of the counterclaim which is the basis of this appeal.

Givens later defaulted in his payments on the contracts, and was given an extension in order to bring his payments current. After further defaults by Givens, the corporation in November of 1974 filed two actions in detinue against him for the recovery of the two trucks, which suits were later consolidated. Givens filed an answer and counterclaim to both complaints. The counterclaims alleged that the corporation negligently failed to pay the disability insurance premiums, and also claimed that the corporation owed Givens for money had and received.

The corporation moved for summary judgment, which motion was submitted to the trial court on the complaint, answer and counterclaim, the deposition of Givens, and his answers to interrogatories propounded to him by the corporation. Givens submitted no counter-affidavits. Summary judgment was granted, resulting in this appeal.

The only aspect of the summary judgment on which error is predicated here is the trial court's denial of Givens' counterclaim. Able counsel for Givens argues that a genuine issue of fact was presented concerning the alleged negligent failure of the corporation to pay the insurance premium. Additionally, it is contended that the corporation should have remitted the premium refund directly to Givens, the corporation allegedly having no legal right to retain the monies and apply them to the debt owed it by Givens.

We initially note that Rule 56(c) ARCP provides that summary judgment shall be granted if the materials on file "show that there is no genuine issue as to

any material fact and that the moving party is entitled to a judgment as a matter of law."

As indicated above, the record shows that there is no dispute as to the facts. It clearly appears that Givens requested cancellation of the disability insurance and was notified of the same. There is no evidence indicating any negligence in this regard on the part of appellee-corporation. There being no evidence of negligence on the part of the corporation, the principle involving summary judgments most applicable in this instance is that where undisputed facts are such as would preclude recovery, the question on motion for summary judgment becomes one of law for determination by the court and a proper matter for disposition by summary judgment. *McLaughlin v. McLaughlin*, 53 Ala.App. 545, 302 So.2d 233; *Greyhound Corp. v. Excess Insurance Co. of America*, 5 Cir., 233 F.2d 630.

There being no factual dispute, the only issue remaining to be considered by this court is whether, under the facts of this case, Givens is as a matter of law entitled to receive the insurance premium refund.

■ Without reaching the propriety of the action taken by the corporation concerning the premium refund, we are of the opinion that Givens cannot recover as a matter of law on his counterclaim. Upon being notified that the corporation had applied the refund to his debt, after Givens had requested the insurance be cancelled, Givens made no protest and took no action whatsoever in that regard for over eighteen months. During that time, the evidence tends to show that he defaulted ten times on his contractual obligation and at least once was given an extension. His silence over so protracted a period of time, his failure to meet his payments, and his acceptance of an extension, all mandate against the conclusion that he now can withdraw from the corporation monies which already have been applied against his outstanding debt.

■ Assuming hypothetically that Givens was in fact legally entitled to receive the premium refund, we feel that the totality of circumstances in this case indicates that he has effectively waived any right he may once have had to that refund. While waiver is defined as the intentional relinquishment of a right, the intention is ascertained from the external acts manifesting the waiver. An intention to waive a right may be found where one's course of conduct indicates the same or is inconsistent with any other intention. See 28 Am.Jur.2d *Estoppel and Waiver* §§ 158, 160. We feel that these principles are applicable here, and that Givens is barred by his waiver from successfully asserting his counterclaim.

■ Additionally, while appellee has cited us no authority in point and we can discover none, we are of the opinion that the instant counterclaim, considering the totality of the circumstances, cannot be sustained as a matter of law even if waiver were not applicable. The monies which Givens seeks to recover by his counterclaim have already been applied against his debt, so that the operative effect of the counterclaim will not be to in any way defeat or diminish plaintiff-appellee's claim against him. As such, the monies having already been applied to his benefit, there is nothing upon which he can predicate his counterclaim. Paradoxically, were Givens to recover the amount he seeks by his counterclaim, i. e., the insurance premium received, he would apparently have to pay it to the corporation on his debt, which debt would be increased by the amount of the refund. The purpose of a counterclaim is to provide affirmative redress rather than meaningless circuity of action.

There being no error in the record, this case is due to be and is affirmed.

Affirmed.

WRIGHT, P. J., and BRADLEY, J., concur.