ON APPLICATION FOR REHEARING
Upon rehearing, the original opinion in this cause is withdrawn and the following *Page 936 
is substituted in its stead in order to clarify or correct certain factual matters.
This civil action concerns a contract to sell a small house and lot.
Under the terms of their June 19, 1978 agreement, the Nelsons (the sellers) agreed to sell the property to Vick[1] (the buyer) in consideration of a down payment of $1,000, which was paid, and the balance of the purchase price, $24,350, was to be paid by monthly installments of $185, which included interest to date at the rate of eight and one-half percent. According to the contract, the payments were to commence on June 15, 1978 and to continue on the fifteenth of each succeeding month until the entire principal sum and all interest had been paid. All installments were to be made to the sellers' savings account at a certain savings and loan association. The buyer was required to pay all taxes levied against the property but, if he failed to do so, the sellers, at their option, could pay the taxes; however, a tax payment by the sellers could not be construed as a waiver of the breach of the agreement until full repayment had been made to and accepted by the sellers of all monies so expended by them. The agreement further provided that time was of the essence as to the contract and the following was an additional provision:
 "Should the Purchasers fail to pay said installments as the same become due or should they breach any of the other conditions of this contract, in any of said events, at the option of the Sellers, all rights of the Purchasers to said land shall cease, determine and be void, and they shall immediately vacate said property, and all payments made by them to the Sellers shall be retained by the Sellers as rent and liquidated damages."
The agreement did not contain any acceleration clause in the event of a breach by the buyer. There was no provision to the effect that acceptance by the sellers of late installments would not constitute a waiver on their behalf.
From June 15, 1981 through July 1982, the buyer's monthly deposits of payments to the sellers' savings and loan account were not made on a timely basis. During that time fourteen payments became due and on thirteen occasions he was either late or missed a payment according to the savings and loan records. One of the sellers testified that "they were due on the 15th of each month and he made them at all times of the month." It is reasonable to infer from the evidence that the sellers were aware of the untimeliness of the buyer's payments during that period, yet there is no testimony that any complaint about that matter was made to the buyer by the sellers. There was a dispute in the evidence as to whether, at the end of that period of time, the buyer was current in his installments or whether he failed to make either two or four monthly payments. A representative of the savings and loan association testified that they only accepted deposits to the savings account of the sellers and that, as such, they did not collect contract payments from the buyer.
There was evidence that the sellers for the first two years sent a bill to the buyer for the taxes but the buyer disputed receiving any bill. The property was assessed in the name of the sellers. The taxes were paid for four years by the sellers and the buyer admits that he did not reimburse them therefor.
The buyer had rented the house to his tenant. In July 1982 the sellers wrote to the buyer that they were repossessing the property. In September 1982 the buyer inquired of the sellers as to the payoff and was informed that he had two weeks to pay the balance then due. The buyer having failed to pay that amount within three weeks, the sellers required the buyer's tenant to move, repossessed the property, and sold it to third parties subject to the outcome of this litigation. *Page 937 
The sellers sought to quiet title to the house and lot, and they further requested a declaratory judgment as to their rights under the contract with the buyer. The trial court determined the evidentiary disputes through the final judgment of January 12, 1984. In accordance with the issues presented at the ore tenus trial, the findings of the trial court were as follows:
 "1. That the parties entered into a land sale contract on June 19, 1978.
 "2. That a total of 49 payments came due under said contract as of July 25, 1982.
 "3. That the defendant made only 47 payments under the contract prior to July 25, 1982 and that the defendant is not due credit for payments in August, 1979 and January, 1982.
 "4. That the defendant has failed to pay the ad valorem taxes due on the property described in said contract for 1978, 1979, 1980 and 1981.
 "5. That the plaintiffs' continued acceptance of payments has waived any default by the defendant.
 "6. That because of such waiver, the plaintiffs wrongfully took possession of the property described in said contract and have wrongfully withheld the same since that time.
 "7. That the plaintiffs received rents after wrongfully retaking possession of said property in the sum of $400.00.
 "It is therefore ORDERED, ADJUDGED and DECREED that the defendant shall be given possession of the property in question on or before March 1, 1984.
 "It is further ORDERED, ADJUDGED and DECREED that the defendant shall pay to the plaintiff as a condition precedent to receiving possession of the homeplace, the sum equal to the payment due under the contract for August, 1979 and January, 1982 plus interest at the lawful rate from the date on which said payment should have been made plus the amount expended by the plaintiffs for taxes on the property plus interest at the lawful rate from the date the plaintiffs paid such taxes less the sum of $400.00 as the amount of rents received by the plaintiffs during the period of wrongful possession by plaintiffs.
 "It is further ORDERED, ADJUDGED and DECREED that the defendant is not liable for taxes falling due on the property in 1982 and 1983 but shall be fully responsible for all ad valorem taxes coming due October 1, 1984.
". . . .
 "It is further ORDERED, ADJUDGED and DECREED that all payments accruing from July 25, 1982 to February 15, 1984 shall be suspended and that the defendant shall resume payment of the remaining balance due under the land sale contract according to its original amortization; that the date of the first payment due from the defendant to the plaintiffs shall be March 15, 1984 which shall be construed as payment No. 50 on the original amortization schedule of the remaining balance due under the land sale contract."
The decisive primary question presented for our review is whether the trial court erred in determining that the sellers' acceptance of the buyer's late monthly payments waived the buyer's default.
The contract expressly provided that time was of the essence as to the agreement. Nevertheless, even that provision may be waived by the seller. Waiver is the intentional relinquishment of a right. It is ascertained from the external acts manifesting the waiver, and may be found when one's course of conduct either indicates a waiver or is inconsistent with any other intention. Givens v. General Motors Acceptance Corp.,56 Ala. App. 561, 324 So.2d 277 (Ala.Civ.App. 1975). Facts vary from case to case and ordinarily the question of a waiver is a factual issue, but if the evidence, or any reasonable inference therefrom, fails to furnish a scintilla of evidence in support of a waiver, the factfinder is precluded from factually deciding that a waiver exists. Auto-Plaza, Inc. v. CentralBank, 394 So.2d 6 (Ala. 1980). While the Auto-Plaza case was concerned *Page 938 
with an equitable estoppel, that aspect of it is general law and is fully applicable to a question of waiver by a seller of a buyer's late payments. In Putman Realty Auction, Inc. v.Bailes, 371 So.2d 658 (Ala. 1979), it was determined that a jury question as to estoppel was presented. When the evidence of estoppel was present and susceptible to different reasonable inferences, the issue was one of fact. Here, there was evidence that, as to these last fourteen payments which were due before the July 28, 1982 notice, the sellers accepted thirteen late or missed monthly payments from the buyer without complaint from them. There was nothing to prevent the sellers from instructing their savings and loan association to reject any and all late payments, but they did not do so. There is no evidence of any warning, request, demand, or complaint in that regard having been made to the buyer prior to their giving him the July 1982 repossession notice. The contract contained neither an acceleration clause nor a nonwaiver provision as to late payments, and that is one major distinguishing factor as to many of the cases cited by the sellers.
A decree of a trial court which is rendered after sitting ore tenus carries with it a presumption of correctness and will not be disturbed unless it is palpably wrong or is without supporting evidence. Moseley v. Lathan, 448 So.2d 341 (Ala. 1984). We find nothing in the record to overcome this presumption of correctness. A question of fact was presented for the trial court to determine whether the sellers had waived the contract provision that time was of the essence and whether the many defaults of the buyer in making late payments constituted a waiver. Those issues were decided in favor of the buyer by the trial court. That decision was supported by the evidence and was not palpably wrong. There was no misapplication of the law to the facts by the trial court.
We affirm.
The sellers' application for rehearing is overruled.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
APPLICATION FOR REHEARING OVERRULED.
All the Judges concur.
[1] The original purchasers were Vick and his then-wife. Prior to the commencement of this action, the Vicks were divorced, with that wife conveying her interest in the property to the husband.