This case concerns an action based upon a written commercial lease. The lessors contend that the lessee owes $4,335.30, based on the following provision in the lease:
 "226. It is understood and agreed that the monthly guaranteed rental of THREE HUNDRED TWENTY-FIVE AND NO/100 ($325.00) DOLLARS per month will be adjusted on July 1, 1980, and each July 1st thereafter during the lease term, up or down, by an average of the percentage of the change (increased or decreased) of the BLS Revised Consumer Price Index, reference U.S. City average base 1967 equals 100. Said average will be computed on the percentage of change for the twelve-month period from July 1979 to July 1980. Each year thereafter, the same procedure will be followed. In the event the above described index is terminated, the index published in substitution therefor will be utilized for the purpose herein provided."
The trial court made the following findings:
 "From the facts in the case before this Court, the Court finds, from the conduct of the parties and from the defendant's exhibits, that the conduct of the landlords was misleading in that it would tend to lead one to believe that the landlords were not going to attempt to collect the additional rent as set out in the provisions of the lease. The Court is convinced that the tenant relied on the monthly billings that he received for four (4) years and nine (9) months believing that he would not have to pay more than the Three Hundred Twenty-five Dollars ($325.00) per month. This is enforced by the fact that the defendant himself on June 4, 1979 (defendant's exhibit no. 1) requested information on the current consumer index but there is no evidence before the Court that there was a response to his request. The Court is further convinced that the tenant would suffer harm if the landlords were allowed to assert a claim inconsistent with their earlier conduct. The plaintiffs should not be able to recover against the tenant/defendant through March 30, 1984.
 "Since the plaintiffs/landlords gave notice of their intent to increase the rent March 30, 1984, the Court is of the opinion that effective April 1 through June 30, 1984, the plaintiffs would be entitled to recover the increased rent based on the consumer price index increases from the date of the first notice to the tenant. The increased rent as of that date would have been Four Hundred Forty-four and 15/100 Dollars ($444.15) less Three Hundred Twenty-five and no/100 Dollars ($325.00) paid leaving a balance due per *Page 141 
month of One Hundred Nineteen and 15/100 Dollars ($119.15) times three (3) months or Three Hundred Fifty-seven and 45/100 Dollars ($357.45). Legal interest from April 1, 1984, to the date of this decision would compute to Sixty-eight and 52/100 Dollars ($68.52). The Court awards a reasonable attorney fee of One Hundred Forty-Two and no/100 Dollars ($142.00). Therefore, in accordance with this decision the Court enters a judgment for the plaintiffs and against the defendant for Five Hundred Sixty-seven and 97/100 Dollars ($567.97) with a waiver of exemptions plus the costs of court."
We would note that this is the second time that this case has been before us. For a complete statement of the facts, seeTaylor v. Waters, 477 So.2d 441 (Ala.Civ.App. 1985).
The dispositive issue on this appeal is whether the lessors have waived their right to demand the accrued increase of rent pursuant to the lease.
Waiver is defined as the voluntary surrender or relinquishment of some known right, benefit, or advantage.City of Montgomery v. Weldon, 280 Ala. 463, 195 So.2d 110
(1967). However, it is well established that a party's intention to waive a right is to be ascertained from the external acts manifesting the waiver. Givens v. General MotorsAcceptance Corp., 56 Ala. App. 561, 324 So.2d 277 (1975). This intention to waive a right may be found where one's course of conduct indicates the same or is inconsistent with any other intention.
Here, the lessors were legally entitled to demand a rent increase each year, based on the consumer price index. However, we feel that the totality of the circumstances in this case indicates that the lessors have effectively waived any right to demand the accrued increase of rent at this time. The lessors did not notify the lessee that his rent was to be adjusted until March 30, 1984. This was four years and ten months after the parties had entered into the lease agreement and was only two months prior to the end of the lease. For the first four years and ten months of the five-year lease, the lessors accepted the lessee's rental payments without dispute. Additionally, in 1979, the lessee directed certain correspondence to the lessors requesting specific data concerning the current consumer price index, and the record is devoid of any reply to this correspondence.
In view of the above, we find that the evidence is sufficient to support a finding that the lessors waived the right to adjust the rent for the time period July 1, 1979, through March 30, 1984. The lessors' course of conduct, consisting of the length of delay in making any request for a rent increase and in failing to respond to the lessee's correspondence, is inconsistent with any other intention but to waive the right to adjust the lessee's rent for this period.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.